SMITH *vs.* HUESTIS and others.

In summary proceedings under 2 R. S. 512, § 28, subd. 1, to remove a tenant, the affidavit on which the summons is issued should show with reasonable certainty that the tenant is in possession of the premises.

*Held* accordingly, that an affidavit stating that deponent had demised the premises to S. H., that the term had expired, " and that the said S. H., or his assigns, tenants or undertenants, J. W. and J. F. A., hold over and continue in possession," &c., was defective.

The proceedings were against three persons, H., W. and A. On the trial H. did not appear, but W. and A. did, and thereby waived the defect in the affidavit, as to themselves. Judgment was had against the three. *Held*, that a reversal of the proceedings must be as to all three also.

SUMMARY proceedings to remove tenant, under 2 R. S. 512, § 28, subd. 1. The affidavit, upon which the summons was issued, stated, that the deponent had demised the premises to Stephen Huestis, &c., that the term had expired—" and that the said Stephen Huestis, or his assigns, tenants, or undertenants, John White and F. J. Arcularius, hold over and continue in possession," &c. The summons was directed to and served upon the three, but White and Arcularius, only, appeared and defended, Huestis making default. There was a trial before a jury on the issue, and judgment against all three. Certiorari.

*By the Court*, NELSON, Ch. J. The affidavit, upon which all the proceedings under the statute are founded for the purpose of removing a tenant in default by holding over, &c., was clearly defective in this instance, in not showing with reasonable certainty that the tenant was in possession of the premises. It merely sets forth the demise to Huestis and that he, or his undertenants, hold over and continue in possession, thus leaving it altogether equivocal, which.

White and Arcularius appeared and resisted the proceedings; and, therefore, waived the defect as it respects themselves; but, as the adjudication in the matter is entire against all, I do not see how we can avoid reversing it, as

to all three. (*Richards* v. *Walton*, 12 Johns., 434, and cases cited.)

The case of *Richards* v. *Walton* was an action of trespass against two for cutting timber, and the entire judgment reversed for error committed—as respected one of the defendants—the return to the certiorari showing that but one of them appeared in the suit.

Proceedings reversed.