## NEW-YORK COMMON PLEAS.

GERAUD and others, respondents, agt. STAGG, who was impleaded with BEACH, appellant.

Upon appeal, the appellate court may *now* reverse a judgment as to one of the defendants, and suffer it to stand against another defendant, who does not appeal, in cases in which a several judgment against the defendant not appealing, would have been proper in the court below.

And where, in an action of *tort*, and judgment against two, one only appeals, the judgment should be reversed as to the appellant only.

The Code of Procedure has changed the former rule on this subject.

*General Term, January,* 1855.
INGRAHAM, First Judge; DALY and WOODRUFF, Judges.

———— ———— *for respondents.*
———— ————*for appellant.*

WOODRUFF, J., delivered the opinion of the court.

The judgment rendered in this case in the court below, was given in an action against two defendants for libel. Upon an appeal to this court by one defendant only, it was decided that the plaintiffs could not maintain the action upon their own statement of their case. The direction given to the clerk in making this decision was, that the judgment appealed from be reversed, as to the appellant, with costs.

Motion is now made to correct the entry so as to order judgment of reversal generally, without limiting the reversal to the appellant only, upon the ground, 1st. That an entire judgment against several defendants, whether rendered in an action for *tort* or upon contract, cannot be reversed as to one defendant, and be suffered to stand as to the other; and, 2d. That the legal effect of a reversal is to discharge both from liability under such judgment.

It is not doubted that the general proposition first above

stated was perfectly well settled before the enactment of our Code of Procedure. (*Arnold* agt. *Sandford*, 14 *J. R.* 417; *Richards* agt. *Walton*, 12 *J. R.* 435; *Cruikshank* agt. *Gardner*, 2 *Hill*, 333, *and Sheldon* agt. *Quinlan*, 5 *Hill*, 442. See, also, *Holbrook* agt. *Murray*, 5 *Wend.* 161.) It may, however, be worthy of notice that in each of these cases all of the persons against whom the judgment was rendered appeared in the appellate court, by writ of error or *certiorari*, and demanded a reversal; and the statute at that time required that if any refused to join, certain steps should be taken, after which the cause proceeded in the same manner as if all had joined; and the supreme court, in *Alexander* agt. *Hoyt*, (7 *Wend.* 89,)— where the defendants had pleaded separately,—having reversed the judgment as to one defendant, and affirmed it as to the other, Justice Cowen, in considering the subject, in *Cruikshank* agt. *Gardner*, (2 *Hill*, 333,) very plainly intimates that that decision is not in conflict with the latter.

The recent cases appear to have been decided upon the view which the court took of the proper construction of the statutes, though all regard the question as well settled by the early cases, upon general principles. Thus, in *Alexander* agt. *Hoyt*, the court, in reversing as to the one, and affirming as to the other, obviously rely upon the language of the Revised Statutes, (2 *R. S.* 618, § 31,) which contemplates a "reversal *in part*, and an affirmance in part." And Bronson, J., in *Sheldon* agt. *Quinlan*, after stating the general rule, proceeds to consider whether the act of 1837, (*Sess. Laws of* 1837, *p.* 538,) authorizing the court not only to affirm or reverse the judgment, in whole or in part, but also to "give such judgment for either party as the very right of the matter may seem to require," had altered the rule: and his conclusion is, that the terms "either *party*," in the statute, includes *all* the persons belonging to the particular class, plaintiffs or defendants, as the case may be, and cannot be applied to each or any of such persons, and therefore that there is nothing in this statute to take the case out of the general rule above stated.

With these cases we suggest no conflicting opinion; but the

case last referred to seems to indicate that, had not the word "party" been used so as appropriately to apply to an entire class, the construction of that statute would have been different.

How, then, does the question stand under the provisions of the Code of Procedure? The power of the appellate court, in giving judgment, is defined in similar language when applied to each appellate tribunal. Thus, § 12—The court of appeals may reverse, affirm, or modify the judgment appealed from *in whole* or *in part;* and as to *any* or *all* of the *parties.* Section 320—Upon an appeal, the appellate court may reverse, affirm, or modify the judgment * * * as to *any* or *all of the parties;* and as to appeals from justices' courts, and the marine court, &c. Section 366—In giving judgment, the court may affirm or reverse the judgment of the court below, in whole or in part; and as to *any* or *all* of the *parties.*"

The remark is obvious, that the terms *any* or all of the parties, has a much more comprehensive signification than the words "either party;" and when there can be but two classes, to wit: plaintiffs and defendants, it is difficult to satisfy the expression, "any of the parties," except by holding it to mean any of the plaintiffs or any of the defendants—for *any* class *out of two classes* would be a meaningless employment of terms.

But this is not all. If the word *parties,* here, does not mean *persons* appearing as actors before the court, how can the permission to reverse, or affirm, as to *all* the parties, be satisfied. Surely, it was not intended to give the court power to reverse the judgment as to *both plaintiffs* and *defendants ;* and yet, if "as to any or all of the parties" does not mean as to any or all the *persons* against whom the judgment was rendered, who are parties to the appeal, it must mean as to plaintiffs and defendants, all included.

Again: the Code, in § 325, authorizes "*any party aggrieved*" to appeal. If party here includes all the plaintiffs and all of the defendants, and not any one or more of them, then how shall there be an appeal unless all of the defendants, or all of the plaintiffs, consent to join? For I find no provision in the

Code to enable one defendant to summon his co-defendant to unite in the appeal or be precluded, as was allowed in the prosecution of writs of error.

So again, since the union of law and equity jurisdiction in the same tribunal, one of the most important powers the court is called upon to exercise in equity cases would be restrained if the court have not power to affirm or reverse, as to any or all of the *persons* appealing. For if parties here is used in the technical sense of " party to the suit," there could be no complete reversal as to one only of several defendants, however erroneous the judgment might be as to him, and in all things correct and proper as to the other persons made co-defendants or co-plaintiffs; and yet the court of chancery always had this power.

Again, by § 330, when the judgment is reversed, the appellate court may make restitution of all property lost by the erroneous judgment; and by § 369, relating to appeals from justices, " if the judgment be collected, the appellate court shall order the amount collected to be restored, and the order may be made at or after the hearing, upon a previous notice of six days."

Now suppose the defendant, who does not appeal, thinks proper to pay the judgment, or it is collected from him by execution; can the appellate court direct restitution to be made to him. He is in no wise before them. He is not in a condition to *appear* in the appellate court, or make any motion there.

Still further: suppose the defendant, who does not appeal, (having been guilty, as the case might be, of a grievous wrong, and the recovery not being large,) chooses to satisfy the judgment, or to suffer it to stand against him as a final adjudication of the extent of his liability. It would be obviously just that he should be permitted to do so, and this may well have been one consideration leading the legislature to dispense with the necessity of all the plaintiffs or defendants joining in the appeal, and of enabling any one or more of them to appeal without thereby, in case of reversal, subjecting the co-defendants or co-plaintiffs to further litigation.

Geraud agt. Stagg.

And it is a very significant fact, that in the Code of Procedure, as reported to the legislature by the commissioners, and passed in 1848, the sections above cited did not contain the words "as to any or all of the parties." They were introduced by amendment in 1849, and the legislature must, I think, have intended to give additional meaning to the section, and to give the power to the courts which the natural signification of the language imports.

Our attention is called to one case bearing upon this subject, decided since the amendment of the Code above mentioned, in the supreme court, sitting in general term in Chenango county. (*Farrel* agt. *Calkins*, 10 *Barb.* 348.) The justice who pronounced the opinion of the court rests the decision of the question solely upon the cases referred to above, without considering whether or not the new language employed in the Code of Procedure has changed the rule. But the reporter adds a note to the case, that a motion was made for a re-argument, on the ground that the Code had changed the rule, and the court denied the motion, adhering to their opinion.

If we had any information, or could be informed in any proper manner, that the defendant below, who did not appeal, is not satisfied to suffer the judgment to stand, so far as it affects him or his property, I might regret that I am compelled, by my examination of the subject, to differ from the supreme court, and that regret would be greater if it did not seem at least doubtful whether the question was maturely considered in that tribunal. As the views of that court on that question are not reported, I am without the aid of the reasoning upon which their conclusion that the Code has made no change, is founded.

I am aware that there may be cases in which the court, though they may be deemed to have *power enough*, will not reverse a judgment as to one, and leave it to stand as to another, where to do so would work *injustice*. If the cause of action was in its nature joint only, and where the defendants, if liable to the plaintiff, were also liable to each other for contribution, and whenever a several judgment could not have been

rendered in the court below, the appellate court would not convert the judgment into one which it would have been erroneous to enter in the inferior tribunal. It might justly awaken surprise, if a remittitur should come from the court of appeals, directing such a change in the judgment as gives it a form, in which, had it been so entered below, the court of appeals must have reversed it. So, where the order for reversal is on a ground not final between the parties, and a new trial is therefore necessary, if the cause of action be joint only, such order must embrace all of the defendants. And when, on the reversal of the judgment of the justice, the plaintiff is put to a new suit, if the cause of action be joint, the reversal must reach all the parties; otherwise the parties who had not appealed might plead the former judgment in bar, and defeat the recovery (as the case might be) against the only solvent man of their number. But it is sufficient to say of all these cases, and no doubt others might be suggested, that this power embraces a control over each case to prevent any inconvenience or injustice. The court " *may reverse as to any or all* "—and they are bound to do this with due regard to every consideration affecting the rights of the parties which can be brought to their notice; and; on appeals from the justices' courts, that duty is especially enjoined.

In actions of tort, in which a several judgment was proper, the former rule was in the highest degree technical. There was no substantial justice or equity, when a plaintiff in such case had recovered a judgment against three, which the court were satisfied he was, by the law and the evidence, entitled to have against two of them, in dismissing him from court, compelling him to pay costs to all parties, and go through the labor and expense of another suit, to recover what the court say it was just he should have had in the first instance. I think the legislature have saved that necessity now by a more liberal and more rational rule.

And especially is this true in such an action when, as in the present case, the defendant, who alone is affected by the judgment, does not ask our interference. By not appealing, he inti-

Geraud agt. Stagg.

mates that he is satisfied with the result. Sometimes a defendant, so situated, may have good reason to apprehend that he should fare worse on a second trial. It is eminently reasonable and just that he should be permitted to retain his position—protected by the judgment against further prosecution.

In the case before us, having decided, on the appeal, that the action ought not to have been maintained upon grounds that would exonerate both defendants, a love of justice might probably lead us to desire that the other defendant could be relieved if he desires it, but he is not before us; and as a several judgment against him might have been rendered below, and as no right to contribution exists between defendants in such an action, the appellant can sustain no possible injury by suffering the judgment to stand. No right or interest of either the appellant or respondent is prejudiced; and we are, I apprehend, to confine our attention to them. If we are right in our views, the rule must be a general one.

I am constrained to think that the direction was correctly given at the term in which the appeal was decided, and therefore that the motion must be denied. Upon a question of doubt, and supported as he is by authority entitled to great respect, the novelty of the question should relieve the appellant from payment of costs on the motion.