RADCLIFF *vs.* WOOD and others.

To entitle a person to have his team exempted from levy and sale under exe-
cution, he need not have the *sole* right of property therein. If he is only a
*part owner*, in common with another, he is within the meaning and object
of the statute, as much as if he owned the team alone.

THIS was a motion for a new trial, upon exceptions. The
action was tried at the Ulster circuit, in October, 1855,
before Mr. Justice WATSON. The plaintiff claimed to recover
the value of a horse which had been taken from his possession
by the defendants. The defendants, in their answer, justified
the taking, under an execution against the plaintiff. Upon the
trial, the plaintiff proved by a constable, that, having an exe-
cution against the plaintiff upon a judgment in favor of the
defendants, he had, by the direction of the defendants, levied
upon the interest of the plaintiff in a brown horse then in his
possession, and that he afterwards sold such interest ; that upon
the sale, one Shultis claimed to be the owner of half the horse, and
objected to the sale ; that he sold the horse, subject to the
claim of Shultis. The plaintiff also proved that, at the time
the horse was taken, he was a householder, having a family for
which he provided, and that he had no other horse or team.

The defendants offered to prove, *in bar of the action,* that
the horse was the partnership property of the plaintiff and
Shultis, and that the interest of the plaintiff, only, was sold
under their execution. The plaintiff objected to the evidence,
on the ground that, as the plaintiff was in the actual possession
of the horse at the time of the taking by the defendants, it was
immaterial who was the owner, unless the defendants connected
themselves with the supposed title of Shultis. The judge
overruled the objection, and the plaintiff's counsel excepted.
The defendants thereupon proved facts tending to show that
the plaintiff and Shultis owned the horse as tenants in common.

The testimony being closed, the plaintiff's counsel requested
the judge to charge the jury that, if they found that Shultis
was a *part owner,* they should still find for the plaintiff to the
amount of his interest in the horse. The judge refused so to

charge, and the plaintiff's counsel excepted. The jury found a verdict for the defendants, and thereupon an order was made directing that the plaintiff's motion for a new trial be heard upon exceptions settled, in the first instance, at a general term, and, in the mean time, that proceedings upon the verdict be stayed.

*George H. Sharp*, for the plaintiff.

*W. Lounsberry*, for the defendants.

*By the Court*, HARRIS, J. The plaintiff showed himself in a situation to be entitled to have his team, if he owned one, exempt from levy and sale under execution. He had, in his possession, a horse, for which he claimed this exemption. But it was shown that he was not the *sole* owner of this horse, and because he was only an owner in common with another person, the judge at the circuit thought he was not within the provisions of the statute. In this, I think, he was wrong. The statute declares that, besides other articles, there shall be exempted from levy and sale a team *owned* by a person being a householder, &c. He need not have the sole right of property in order to claim the exemption. If he is but a *part owner*, he is within the meaning and object of the statute, as much as though he owned the team alone. To hold that, if a poor man be able to own a team by himself, it shall not be liable to sale under execution, but if he be too poor to own it alone, and joins another poor man in making the purchase, so that each has *but half* the benefit contemplated by the legislature, then neither shall be entitled to the exemption, would, in my judgment, be a most unreasonable interpretation of the law. The plaintiff had shown himself entitled to the statutory exemptions. The defendants had shown that he was only a *part owner* of the horse. This part they had sold under their execution. It was exempt from such sale. The judge, therefore, erred in refusing to charge the jury that if Shultis was a part

owner of the horse, the plaintiff was still entitled to their verdict for the value of his interest. There must be a new trial with costs to abide the event.

[ALBANY GENERAL TERM, May 2, 1857. *Wright, Harris* and *Gould*, Justices.]