## SUPERIOR COURT.

### JOSEPH A. BITTING, Respondent agt. GEORGE E. VANDENBURGH and others, Appellants.

Is a person's *watch* exempt by law from execution ?   In the great multitude of cases, a watch is carried for mere convenience, and the statute would not preserve it for the use of the debtor, because though convenient it is not *necessary*.

Under certain circumstances a watch or a clock may be so necessary that when in actual use, either of them may be within the description of necessary *household furniture*.   For instance, where a watch is hung up for use in the house of a family (having no clock) whose daily avocations are of such a nature that a timepiece is indispensable.

And in cases in which the nature of a man's employment is such that a timepiece is necessary to the prosecution of the business by which he obtains a livelihood, and where he uses his watch in the business itself.   Cases may occur in which his business cannot be done, or if he be an employee, his duties cannot be discharged without a watch.   In such case, his watch may properly be included within the terms "working tools."

A watch in the possession of a debtor which belonged to his deceased wife, and which was given to her by her mother, will not be ordered to be delivered to a receiver of the debtor, in proceedings supplementary to execution.

It must now be deemed well settled that proceedings supplementary to execution after the return thereof unsatisfied, are proceedings before a *judge out of court*, not a proceeding in court.

Where after the issuing of an execution, it is made to appear that the debtor has property which he refuses to apply to the satisfaction of the judgment, the *court* may make an order and direct proceedings to compel such application.   But proceedings had for the discovery of property after execution is returned, must be had before a *judge out of court*, and when so commenced the court as such, has no authority to make any order therein.

And it was *held*, where a motion was made and decided at *special term* that an attachment issue against the defendant for neglecting to deliver his property to a receiver in proceedings supplementary to execution, after execution returned unsatisfied, that the court had no jurisdiction to make such an order ; it should have been made by a judge out of court.

*General Term, January*, 1859.

*Before* BOSWORTH, *Ch. J.*, SLOSSON, WOODRUFF *and* MONCRIEF, *Justices*.

PROCEEDINGS were taken in this action supplementary to execution, before one of the justices of this court, in which the defendants were examined touching their property, after the return of an execution unsatisfied, pursuant to the provisions of section 292 of the Code.

Upon that examination, it appeared that among other articles of personal property, each of three of the defendants was in possession of a watch. A receiver was appointed, and an order was made by Mr. Justice HOFFMAN, on the 27th day of November, 1858, that the defendants deliver to the receiver all their effects, &c., which they or any of them had when served with the original order, except such property as is by law exempt from execution, &c.

The receiver demanded from the defendants their property, including the watches. The defendants refused to deliver the property. The plaintiff's attorney thereupon served upon the attorney for the defendants, a notice dated October the 22d, 1858, that a motion would be made " *at a special term of New-York superior court*, at City Hall New-York, on first Monday of November next, at 10 o'clock, A.M., that an attachment issue against the defendants for neglecting to deliver their property."

Before this motion was made, the defendants' attorney served upon the attorney for the plaintiff, a notice dated December the 5th, 1858, that upon certain affidavits, &c., " *this court* will be moved *at a special term* thereof, to be held at the City Hall in the city of New-York, on the 22d day of December, 1858, at the *opening of the court* on that day, or as soon thereafter as counsel can be heard," that the order of Mr. Justice HOFFMAN be vacated, and that the defendants be discharged from the supplementary proceedings.

The two motions were brought on together at the special term, and an order was there made and entered, that the defendants deliver certain specified property to the receiver, including the three watches above mentioned, and that upon the defendants complying with the order, such compliance to operate as a discharge from the supplemental order herein, but on

non-compliance with this order within five days after service of a copy hereof, an attachment to issue against such of the defendants as do not comply, as for a contempt.

From so much of the order as required three of the defendants to deliver their watches respectively to the receiver, the defendants appealed to the general term.

JOHN AITKEN, *for respondent.*
JOHN FITCH, *for appellants.*

By the court—WOODRUFF, Justice. The question discussed upon this appeal was, whether under the statute of 1842, (*Sess. Laws of* 1842, *chap.* 157, § 1,) the defendants' watches are exempt from execution? For if so, they are not liable to be reached by supplementary proceedings, and the order directing their delivery to the receiver was erroneous.

The three defendants by whom respectively the watches are held, have it is alleged, each a family for whom he provides, and he claims to retain his watch upon the ground that upon the facts shown on the motion at special term, the watch within a fair and reasonable construction of the statute, is within the description in the statute which exempts " necessary household furniture and *working tools.*" The statutes reserving a small amount for the benefit of a debtor's family, have heretofore received a liberal construction in the cases in which their provisions have been considered. (*See* 25 *Wendell R.* 370; 11 *Leg. Obs.* 250; 5 *How. Pr. Rep.* 288; 8 *id.* 75; 3 *Abbott*, 466.)

Under certain circumstances a watch or a clock may no doubt, be so necessary that when in actual use, either of them may be within the description of necessary household furniture. So it has once been held in this court, if a watch hung up for use in the house of a family (having no clock) whose daily avocations were of such a nature that a timepiece was indispensable. We can readily imagine cases in which the nature of a man's employment is such that a timepiece is necessary to the prosecution of the business by which he obtains a liveli-

hood, and where he uses his watch in the very business itself. Cases may occur in which his business cannot be done, or if he be an employee, his duties cannot be discharged without a watch. In such case, his watch may properly be included within the terms " working tools."

On the other hand, it is clear that in the great multitude of cases, a watch is carried for mere convenience, and the statute would not preserve it for the use of the debtor, because though convenient it is not *necessary*. We do not feel at liberty in this case to determine whether the watches in question are exempt or not under the circumstances disclosed by the affidavits and the examination of the debtors. We should hesitate in ordering a delivery to the receiver of the watch now in the possession of one of the defendants, which belonged to his deceased wife, and which was a present to her from her mother before marriage. This, we presume, the plaintiff himself, on further reflection, will not desire to take. The gift appears to have been made to her since the statutes of 1847 and 1848, by which gifts so made are the separate property of the wife; and if not the property of the husband the creditor cannot take it from him if he would, and whether necessary for his use or not. The proofs in relation to the other watches are not so full as we should desire if we were now to decide whether they ought to be deemed working tools or not.

But as above suggested, we are not at liberty to decide that question. We have no jurisdiction in this case to make any order, except to affirm or reverse the order made at special term. And the special term has no jurisdiction to make any order upon the motions which were there made. It has often been held and is now to be deemed settled, that proceedings supplementary to execution after the return thereof unsatisfied, are proceedings before a judge out of court, not a proceeding in court.

Where after the issuing of an execution, it is made to appear that the debtor has property which he refuses to apply to the satisfaction of the judgment, the court may make an order and direct proceedings to compel such application. But pro-

ceedings had for the discovery of property after the execution is returned, must be had before a judge out of court, and when so commenced, the court as such, has no authority to make any order therein.

This proceeding is of the latter description. It was taken under the first clause of section 292, and was conducted before a judge out of court down to and including the order appointing a receiver, and directing generally that the debtors deliver to him their property not exempt from execution. But the notices of the present motion which were made at special term, are unequivocal and explicit; no words were used therein which can be taken to indicate an intention to move before the judge, or that can warrant us in saying that the words " at special term," may be taken to designate the place, where for the time being, the judge might be found.

Nor was the order in fact made by the judge, as a judge out of court; it does not purport to be signed by him. The notices are that a motion will be made " at a special term of the court," and "that this court will be moved at a special term thereof." The motions were in fact made before the court at special term. The order was entered in the minutes and is certified as an order of the court at special term. The court had no power to make any order in these proceedings, and the action of the special term must be reversed upon that ground.

Had the order been made by the judge out of court, and been entered with the clerk pursuant to section 350, for the purpose of appealing therefrom, the proceeding would have been regular. But that was not the course pursued. Counsel for both parties have fallen into error in this matter, and a reversal was not insisted upon on this ground, but we are not willing to affirm an order which we are clear the special term had no authority to make.

Order reversed, without costs to either party.