## FIELDS *a.* MOUL.

*Supreme Court, Third District ; General Term, May,* 1862.

EXEMPTION FROM EXECUTION.—RECEPTION OF EVIDENCE.—APPEAL.—REVERSAL IN PART.—POWER OF COUNTY COURT.

It constitutes no answer to a debtor's claim that a thing is exempt from execution, that it is new and has never yet been applied by him to the use for which he claims that it is necessary, and by virtue whereof exempt.

That a party by successfully objecting to hearsay evidence, is concluded from opposing his adversary's objection to the admission of similar evidence from the same witness.

Where there is a clear mistake as to the amount of damages for which a judgment is rendered, an appellate court, having power to affirm or reverse in whole

or in part (*Code*, § 366), may reverse as to the part inserted in the judgment by mistake, and affirm as to the residue.

Where a recovery in a justice's court was composed of items of damages, and there was no dispute as to the evidence, and the justice by mistake in adding the items, rendered judgment for too great a sum ;—*Held*, that the County Court might, on appeal, reverse the judgment as to the excess, and affirm it as to the correct aggregate.

When a judgment appealed from consists of distinct matters, and those matters are so presented that a final judgment may be rendered by the appellate court upon each, the judgment may be affirmed as to part, and reversed as to the residue.

This was an action of trespass, and was tried in a justice's court in Ulster county, on September 6, 1859, when the following facts were proved: The defendant, as a constable, by virtue of an execution against the property of the plaintiff, in or about the month of July, 1859, levied upon a quantity of oats, and a tow-line, belonging to the plaintiff, who was a householder, having a family for which he provided. The plaintiff had only such property as is exempt from levy and sale under execution. The oats were necessary food for the plaintiff's team, for a period less than ninety days. The plaintiff was boating on the Delaware & Hudson Canal, which was the only way he had of supporting his family ; and the tow-line was used in towing the boat to fasten the horses to the boat, and the plaintiff's business could not have been carried on without it. There were 32 or 32½ bushels of oats, and 19½ or 19¾ pounds of the tow-line. The oats were worth 53 cents a bushel, and the tow-line 11 cents a pound, thus amounting in value to $19.10.

James Thompson having been called as a witness by the plaintiff, and examined as to the purchase from him by the plaintiff of the oats and tow-line, was asked by plaintiff whether the property was to be his till paid for. The defendant objected, and the court sustained the objection. Subsequently, the defendant called the same witness and offered to prove by him, that *he* stated to the defendant that the oats and line belonged to him. This was objected to as immaterial, irrelevant, and leading, and the objection was sustained, and the defendant excepted. The justice rendered judgment for the plaintiff, but, by a clerical error, entered the damages for $29.10. The defendant appealed to the County Court of Ulster county, which reversed the judgment as to $10, and affirmed it as to the residue ; and the defendant now appealed to the Supreme Court.

*M. Schoonmaker*, for the appellant.

*S. L. Stebbins*, for the respondent.

By the Court.*—Hogeboom, J.—It is not made a point for the appellant that the oats and tow-line were not exempt from execution. It would seem that they are. (2 *Rev. Stat.*, 255 ; *Laws of* 1842, 193, ch. 157 ; *Laws of* 1859, 343, ch. 134 ; Hart-house *a.* Rikers, 1 *Duer*, 606 ; Wheeler *a.* Cropsey, 5 *How. Pr.*, 288 ; Bitting *a.* Vandenburgh, 17 *Ib.*, 80 ; Radcliff *a.* Wood, 25 *Barb.*, 52 ; Lockwood *a.* Younglove, 27 *Ib.*, 505.) It is suggested that the exception does not extend to the *new* tow-line, as it had never been used. But it had been bought and was prepared for use—was sworn to be necessary for the navigation of the boat, which was in process of towing—and no point seems to have been taken in either of the courts below, that this tow-line should have been excepted from the general recovery. I think the objection is not available.

The objections made to the questions put by defendant's counsel to Thompson were properly sustained by the justice. The questions were put, not on cross-examination nor to discredit the witness, but as original testimony. In that view they were improper as the declarations of a third person in the absence of the plaintiff. The defendant had also just before induced the justice to rule out evidence of this description by the same witness, and was, I think, concluded thereby.

The only remaining question turns upon the right of the County Court to reduce the judgment of the justice's court $10, which had been included therein by mistake. The justice certified this fact as occurring by a mistake in footing up the figures, and thereupon the County Court, deducting this sum, and so far reversing it, with $5 costs to the appellant, affirmed it as to the residue. The plaintiff's claim consisted of

| | |
|---|---|
| 32 bushels of oats at 53 cts., | $16.96 |
| 19½ pounds of tow-line at 11 cts., | 2.14 |
| | $19.10 |

There was no dispute as to the evidence justifying this amount and this alone. By mistake, as before stated, the justice footed

---

* Present, Hogeboom, Peckham, and Miller, JJ.

it up at $29.10, and rendered judgment for that amount. The County Court corrected the error, and the sole question is whether it had the power,—in other words, whether as to entire damages, where there was a clear mistake, and where there was only one plaintiff and one defendant, the County Court could reverse in part and affirm in part.

But for some adjudications, I should have no doubt on the subject, as the statute seems to me singularly clear and unambiguous. It is as follows: "In giving judgment, the court (County Court) may affirm or reverse the judgment of the court below, in *whole* or in *part*, and as to any or all of the parties, and for errors of law or of fact." (*Code*, § 366.) The power would appear to be here expressly conferred in distinct terms, both as to *amount*, and as to parties.

I will refer to a few of the cases. In Sheldon *a.* Quinlen (1843, 5 *Hill*, 441), it was held that where a judgment is for *distinct* things, as for damages and costs, it may be reversed in part and affirmed as to the residue—but that an *entire* judgment against several defendants cannot be reversed as to one defendant and affirmed as to the residue—and that the words in the act of May 16, 1837 (p. 538), that the court may "give such judgment for *either party* as the very right of the matter may seem to require" did not alter the question, as *all* the defendants, or all the plaintiffs, must be regarded as a single party. Cruikshank *a.* Gardner (2 *Hill*, 333) was referred to as containing the same doctrine and a collection of the cases on the subject. This case was followed in Harman *a.* Brotherson, (1845, 1 *Den.*, 537), and in Moulton *a.* Norton (1848, 5 *Barb.*, 286). These were all cases as to *parties* (whether a judgment could be reversed as to one *party* and affirmed as to *another*), and turned upon language different from that employed in the Code.

In Hardy *a.* Seelye (1856, 3 *Abbotts' Pr.*, 103), the question simply was, whether the judgment of a justice inadvertently entered for $13.90, when he announced at the close of the trial and intended that he should enter it for $36, could be increased to the latter sum on appeal to the Common Pleas, and it was held that it could not be. It does not touch the question under consideration.

The same court (N. Y. Com. Pleas), in the case of La Motte *a.*

· Archer (1855, 4 *E. D. Smith*, 46), held, that under the Code of Procedure, when the evidence wholly fails to support a judgment for the damages awarded, but would sustain a judgment for a less amount, the court, on appeal, may suffer the plaintiff to retain the judgment for such sum as appears just, and may reverse as to the excess if the plaintiff so elect.

This case in principle fully covers the case before us, and in its facts presents a weaker ground for the application of the rule.

In Kasson *a.* Mills (1852, 8 *How. Pr.*, 377), this court (Eighth District) came to the conclusion that under the former decisions the County Court was incompetent to affirm in part, and reverse in part, a judgment of a justice's court rendered for entire damages. They held, that under the Code they might reverse as to some of the parties, and affirm as to the others; but as to the damages or recovery, the former decisions must be upheld. I am not satisfied with the result at which the court arrived in the latter particular, and do not think, that in that respect the case ought to be followed. The court say, "It was never claimed under this or similar provisions (to give judgment as the right of the matter may appear), that an entire judgment, as for damages, could be reversed in part and affirmed in part. If there was no evidence to support the judgment, it was reversed,—if there was evidence upon both sides—a mere conflict of evidence —the judgment was affirmed." · But suppose as to a portion of the amount of the damages, it was perfectly clear that there was no evidence to support the judgment, and as to the residue, that it was as clear that the uncontradicted evidence supported the judgment for that precise residue—is it not upon principle proper, that as to the former the judgment should be reversed, and as to the latter, affirmed, more especially when it appears that it was a mere mistake or inadvertence? And as to the question of power, when the statute says the court may affirm or reverse the judgment in whole or in part, and as to all or any of the parties,—is it not limiting the plain language of the act to say the court shall not affirm only in part, except where the judgment is for distinct things, as for damages and costs? If, by entire damages, it is meant that the evidence makes it impossible to dissect the damages and see with clearness how much is erroneous, and how much well-founded, I assent to the

correctness of the former adjudications, as applied to the Code of Procedure, otherwise not. I think the power is conferred, and the propriety and extent of its exercise must be left to the enlightened judgment of the court. In the case of Kasson *a.* Mills it may well have been that the power of the County Court was indiscreetly and rashly exercised, for the judgment was reduced from $100 to $3.36, and this sweeping modification may have struck the Supreme Court in that case, as a bold innovation upon established practice.

In Farrell *a.* Calkins (1851, 10 *Barb.*, 348), this court (Sixth District) held, that an entire judgment against several defendants, in an action of tort, or upon contracts, cannot be reversed as to one defendant and affirmed as to others. In the annunciation of so broad a principle, as applicable to the law under the Code, I think the court erred; but whether so or not, it does not touch that branch of the statute which we are now considering.

In Story *a.* N. Y. & Harlem R. R. Co. (1851, 6 *N. Y.*, 85), the Court of Appeals held, that a judgment cannot be affirmed as to part of the amount recovered, and reversed as to the residue, where a new trial is ordered, as to the part which is reversed. And one of the judges (p. 89) holds the rule to be independent of the statute, " that where a judgment is not entire, but for different things, separable in their nature, and separated on the record, the Supreme Court, under its common-law powers, may reverse in part and affirm in part." A learned note appended to this case reviews most of the adjudicated cases, and justly criticises the reasonableness of some of the decisions, especially as applicable to the Code of Procedure, and comes to this conclusion upon a citation of cases: " When a judgment appealed from consists of distinct matters, and those matters are so presented that a final judgment may be rendered by the appellate court upon each, the judgment may be affirmed as to part, and reversed as to the residue." I have no doubt of the correctness of this proposition, and in substance it covers the case at the bar.

In Alexander *a.* Hoyt (1831, 7 *Wend.*, 89), the Supreme Court, in apparent disagreement with some of the reported cases, in the case of an entire judgment in the Common Pleas against four defendants, reversed it as to one of them and affirmed it as to the others.

In Geraud *a.* Stagg (1855, 10 *How. Pr.*, 369), this whole question—on the other branch of the case, as to parties—is learnedly and ably discussed by Justice Woodruff, then of the N. Y. Common Pleas; and he comes to the conclusion that a judgment may be reversed as to one defendant and affirmed as to another, and that the Code of Procedure has changed the former rule on this subject.

I think the present case was appropriately disposed of by the Ulster County Court, and that the judgment of that court should be affirmed. Order accordingly.