## SMITH et al. vs. EGNER.

CIRCUIT CLERKS: *Acts authorizing judgment by, repealed.*

The act, approved April 24, 1873, "to amend the code of practice in civil cases," repeals and renders ineffectual the several provisions of the amended code, authorizing judgments in vacation before the circuit clerks.

APPEAL from *Independence* Circuit Court.

Hon. J. W. BUTLER, Circuit Judge.

*A. H. Garland*, for appellants.

*Rose & Green*, for appellee.

SEARLE, J.   The complaint in this case was filed on the 14th day of May, 1873, in the Independence circuit court, and alleged as the cause of action a debt due the plaintiff, as evidenced by a promissory note.   A summons was issued against the defendants, served upon two of them, namely, Smith and Byers, on the 16th and 17th of May, by delivery of copies to them respectively, and served upon the defendant Archer by "delivery of a copy to his wife on the 20th of May."   At the June term following, Smith, having appeared for that purpose alone, moved to quash the summons, on the following grounds:

"1. Because the defendants were not therein summoned to appear at the present or any other term of this court.

"2. Because the said summons is in many other respects defective and bad."

The court overruled the motion, and, Smith refusing to plead or answer further, rendered judgment against the defendants by default, from which Smith appealed.

The summons was issued under the amended 62d section of the civil code.   The action being upon a contract for the recovery of money only, as provided in the proviso of said section, it was inserted in the summons, as follows: "And that the plaintiff will take judgment for the sum of two thousand two hundred and twenty-four dollars, with interest at the rate of ten per cent. from the 1st of May, 1871, if the defendants fail to answer the complaint in twenty days after service of this summons."

When the complaint was filed and summons issued, it was doubtless intended by the plaintiff to enforce the payment of his debt under the proviso of the amended section 411 of the civil code (page 230, acts of 1873).   This proviso is so incomplete that it is clearly a nullity.   Nor is the amended section 411 of the civil code as enacted in 1871 (see page 239, acts of

1871), in force, as that is repealed by the enactment of this. See the general amending provision immediately following the enacting clause of "an act to amend the code of practice in civil cases," page 214, acts of 1873. Hence, the several provisions of the amended codes, authorizing judgments in vacation before the circuit clerk are no longer effectual.. The plaintiff, however, did not proceed under section 411 of the act of 1873, and take judgment in vacation; but the judgment was rendered by the court as upon default at the June term, 1873, on the 24th day of June.

The question is, Was the summons and the execution thereof upon the appellant Smith, sufficient notice to him to authorize the court to render judgment by default? 1st. The summons should state the names of the parties to the action. Here the summons commands the sheriff "to summon William Byers, Henry Smith and Henry Archer to answer complaint filed against them in the Independence circuit court by William Egner," etc. This is a sufficient designation of the names of the parties. *Elliott v. Hart*, 7 How. Pr., 25; *Blanchard v. Strait*, 8 id., 83. 2d. The summons should give the general nature of the action. Here it is stated that the plaintiff proposed to take judgment "for two thousand two hundred and thirty-four dollars due" him. This sufficiently apprised the appellant of the nature of the action. 3d. The summons should state the name of the court in which the suit is brought. Though this is not expressly required by the code, yet it must be inferred by implication therefrom, to be necessary. This it did by denominating it the Independence circuit court. 4th. The summons should state the time when the defendant must appear and plead. Here it is made returnable "on the first day of the next June term of said (Independence circuit) court." This was the time fixed by law when it should have been made returnable (see amended sec. 62 of the

code), and the time when the appellant should have appeared and pleaded. Notwithstanding the informality of the summons, it substantially complies with the law, and the circuit court very properly refused to quash it.

No complaint is made as to the manner in which the summons was served upon this appellant.

As to Byers and Archer, the other defendants in the court below, we must presume there was no error, for they have not appealed. And whatever is done here with the judgment of that court can affect none but the appellant. *Ricketson v. Ricketson et al.*, 26 Cal., 149; *Newton v. Baylis et al.*, 33 id., 129; *Gerard et al. v. Stagg*, 10 How. Pr., 369.

Finding no error, the judgment of the court below must be affirmed as against Smith, with costs.