## Case No. 10,765.

### In re PARKS.

[9 N. B. R. 270.] [1]

District Court, E. D. Michigan. 1874.

BANKRUPTCY—EXEMPTION—PARTNERSHIP PROPERTY—DWELLING HOUSE AS REAL PROPERTY.

A member of a bankrupt firm filed a petition to have a dwelling house and lot occupied by himself and family set apart by the assignee as exempt property under the bankrupt act and the laws of Michigan. The lot was the sole property of the petitioner, the house was built of lumber and other materials belonging to the bankrupt firm, and with funds of the said firm, which were charged on the books to the house, and not specifically to the petitioner. At this time the firm was indebted to the petitioner to an amount exceeding the cost of the house, and was considered solvent. The assignee demurred to the

1 [Reprinted by permission.]

petition: first, because the house was partnership property, and second, that there can be no exemption of partnership property under the bankrupt law or the law of Michigan. *Held*, that the house was part of the realty, and as much the separate property of the petitioner as the realty itself; that the firm had no interest or ownership in the house, and, as it was indebted to the petitioner, no claim for reimbursement; that nothing passed to the assignee except any excess there may be in the value of the property in question over fifteen hundred dollars.

This case comes up on the petition of John F. Parks, one of the bankrupts, to have a certain lot or part of lot in the city of Detroit, and the dwelling-house thereon, occupied by him with his family, claimed by the assignee as a part of the assets for the benefit of the creditors of the partnership of which the bankrupts [John F. & C. R. Parks] were the members, set-off to him as exempt under the bankrupt act and the constitution and laws of Michigan. It appears from the allegations of the petition, all of which are admitted by the assignee, that the lot was the sole property of the petitioner. John F. Parks. The business of the bankrupt partnership, composed of the said bankrupts, was dealing in lumber and building materials. And .it further appears by the petition that the house was built of lumber and materials and with funds belonging to the partnership, and that the same were charged on the partnership books to the house and not specifically to the said petitioner; that the partnership was indebted to the petitioner, and that after deducting the charges for building the house there was still a balance due him, and that immediately upon the house being completed the petitioner took possession of the same, and has occupied the same ever since with his family, as and for his homestead. There were some other facts and circumstances attending the transaction and commented upon at the argument, but which, in the view taken by the court, are unnecessary to be noticed here. The transactions above recited were had in the summer and fall of 1871, and it does not appear, neither is there any pretence, that the firm was then insolvent, or that it was then indebted otherwise than to the petitioner, or that there was any fraud in the said transactions as against creditors or otherwise. The assignee demurred to the petition on two grounds: 1. That the house was not the sole property of the petitioner, but, on the contrary, was partnership property. 2. That there can be no homestead exemption of partnership property under the bankrupt law or the laws of Michigan.

Mr. Ward, for petitioner.
Mr. Kane, for assignee.

LONGYEAR, District Judge. By the bankrupt act [of 1867 (14 Stat. 522)] § 14 and amendments, exemptions by state laws are extended to debtors in bankruptcy. By the constitution and laws of Michigan (1 Comp. Laws 1871, p. 76; 2 Comp. Laws, p. 1749)

every homestead of not exceeding forty acres of land, and the dwelling-house thereon, and the appurtenances, to be selected by the owner thereof, and not included in any town plat, city or village; or instead thereof, at the option of the owner, any lot in any city, village or recorded town plat, or such parts of lots as shall be equal thereto, and the dwelling-house thereon, and its appurtenances, owned and occupied by any resident of the state, not exceeding in value fifteen hundred dollars, shall be exempt. &c. In order to come within these provisions the dwelling-house must be owned by the occupant as well as the land upon which it is located. Did the dwelling-house in this case belong to the petitioner, the owner of the lot, or did it belong to him and his partner in common?

There being no fraud in the transactions as against the firm creditors, their rights must be worked out and determined through the rights of the co-partners as between themselves. The petitioner owned the lot. He built the house upon it. He so built it with partnership funds, and, for aught that appears in the case, with the knowledge and consent of his copartner. The house became a part of the realty, and as much the separate property of the petitioner as the realty itself. 1 Washb. Real Prop. 2. The property and funds used in its erection thereby became separated from the partnership effects, and the separate property of the petitioner, and as between him and his co-partner, all the latter could claim in any event would be reimbursement by the former to the firm for the property and funds used. Story, Partn. 144, note 1. But in this case no such reimbursement could be claimed, because the firm was owing the petitioner more than the amount of the property and funds so used. The firm, therefore, not only had no interest or ownership in the house, but no .claim for reimbursement. From this it follows: 1. That the assignee has no claim to the house as partnership property. 2. That the house as well as the lot being owned and occupied by the petitioner as a homestead, the same is exempt by the bankrupt act and laws of Michigan. 3. That by the express provisions of the bankrupt act (section 14), nothing passed to the assignee by virtue of the assignment to him as the separate property of an individual partner, except any excess there may be in the value of the property in question over fifteen hundred dollars. 4. That the prayer of the petition must be granted.

The result arrived at renders it unnecessary to decide the second ground of demurrer, that is, whether under the laws of Michigan there can be a homestead exemption of property, owned by the occupant in common with others, as partners or otherwise. Upon this question the authorities are somewhat conflicting, but I shall do no more at the present time than to cite them for future

reference. Some of them are in point, and some have only a bearing upon the question. Thurston v. Maddocks, 6 Allen, 427; In re Hafer [Case No. 5,896]; Tomlin v. Hilyard, 43 Ill. 300; West v. Ward, 26 Wis. 579; Kingsley v. Kingsley, 39 Cal. 665. See, also, 5 Cal. 244; 6 Cal. 165; 27 Cal. 418; Radcliff v. Wood, 25 Barb. 52; Stewart v. Brown, 37 N. Y. 350; In re Young [Case No. 18,148]; In re Rupp [Id. 12,141[; Anon., 1 N. B. R. (Quarto) 187 [Append: Fed. Cas.].

Let an order be made in accordance with the foregoing opinion.