### KOPMEIER vs. LARKIN, imp.

APPEAL TO SUPREME COURT. *Determination of cross appeals. Reversal on appeal of one defendant. Premature motion.*

1. When separate appeals in the same case are pending here, this court will look into the whole record for the purpose of disposing of them.
2. Where an order confirming a foreclosure sale is reversed on the appeal of one defendant, for irregularities in the sale, or on any grounds affecting equally all the defendants, it will be reversed as to all.
3. On appeal taken at the same time, by another defendant, from a further order in the same cause, denying his motion, made and decided *previous* to any order confirming the sale, that plaintiff be restrained from collecting any part of the deficiency upon the judgment after applying to it the proceeds of the sale: *Held,* that the order must be affirmed on the ground that the motion was *premature,* but without prejudice to appellant's right to renew the motion.

APPEAL from the Circuit Court for *Milwaukee* County.

Foreclosure of a mortgage, against O'Neil, *Larkin* and others. *Larkin* appealed from an order after the sale, but before confirmation thereof. The nature of that motion will appear from the opinion.

For the appellant, there was a brief by *John A. Wall,* with *Samuel Howard,* of counsel, and oral argument by *Mr. Howard.*

For the respondent, there was a brief by *Joshua Stark* and *D. G. Rogers*, and oral argument by *Mr. Stark*.

TAYLOR, J. This is an appeal from an order made in the same action in which the defendant Thomas O'Neil appealed from the order confirming the sale made therein, and upon which appeal this court has reversed such order for the reason stated in the opinion filed in that case. *Larkin*, the appellant in this case, made a motion in the court below to restrain the plaintiff from proceeding to collect any part of the deficiency upon the judgment after the application of the proceeds of the sale to the satisfaction thereof, for reasons set forth in his motion. The circuit court denied his motion, and he appeals from the order denying the same. Without passing upon the merits of the appellant's motion, we have come to the conclusion that the order of the court below should be affirmed for the reason that this motion was unnecessary and premature. The order confirming the sale is reversed by this court upon the appeal of O'Neil, upon grounds which apply as well to the appellant in this case as to O'Neil. Although none of the defendants except O'Neil appeal from the order of confirmation, and it might therefore be inferred that the other defendants are satisfied to have the sale stand, still, this court having decided that the sale was irregular and void upon grounds which apply with equal force to all the defendants, we were constrained to reverse such order as to all. It would seem to involve an absurdity to do otherwise. We do not see how the court below could, upon the objection of O'Neil, have refused to confirm the sale as to him, and yet have confirmed it as to the other defendants.

It is possible that there might be such a state of facts presented by one defendant, upon a motion to confirm a mortgage sale, as would justify the court in refusing a confirmation as to such defendant, and yet confirm the same as to other defendants not appearing to oppose; but the case of O'Neil did

not present such a state of facts. In reversing the order, therefore, upon the appeal of O'Neil, we did as the court below would have been compelled to do, had it considered the objection of O'Neil fatal to the sale — refused a confirmation as to all the defendants.

That the refusal to confirm a sale in an action of foreclosure, upon the objection of any party thereto, on grounds which go to the regularity of the sale, should refuse it to all parties interested and direct a new sale, is evident when we consider the effect of such an order upon the purchasers at such irregular sale. In case of a refusal of the court to confirm the sale, it is clear that the purchaser could not be compelled to complete his purchase by the payment of the purchase price; and if he had paid it before the order was applied for, he could recover it back if the sale were not confirmed as to all the parties interested in the premises. This court has lately held, in the case of *Woehler v. Endter*, 46 Wis., 301, that the purchaser is not entitled to the possession of the mortgaged premises until the sale is confirmed. It would seem to follow that a purchaser would not be compelled to pay the purchase price in case the court refuses a confirmation upon grounds which go to the regularity of the sale.

The rule of common law was, that an entire judgment rendered against several defendants could not be reversed as to one defendant and suffered to stand as to the others. Bac. Abr., "Error (M.)," and cases cited; *Richards v. Walton*, 12 Johns., 434; *Arnold v. Sandford*, 14 Johns., 417; *Geraud v. Stagg*, 10 How. Pr., 369; *Sheldon v. Quinlen*, 5 Hill, 442. This rule has been changed in this state by statute. Section 3071, R. S. 1878, provides that, "upon an appeal from a judgment or order, or upon a writ of error, the supreme court may reverse, affirm or modify the judgment or order, and as to any or all the parties." This is substantially the law in New York, and the courts of that state have held that, upon an appeal by one defendant from a judgment in a case where a sepa-

rate judgment might have been entered against either of the defendants, it is the duty of the court, in case error has been committed to the prejudice of the appellant, to reverse the judgment only as to the defendant appealing. *Geraud v. Stagg*, 10 How. Pr., 369; *S. C.* in 4 E. D. Smith, 27; *Van Slyck v. Snell*, 6 Lansing, 299; *Story v. Railroad Co.*, 6 N. Y., 86; *Campbell v. Perkins*, 8 N. Y., 430. Similar decisions have been made by this court. *Williams v. Starr*, 5 Wis., 534; *Palmer v. Yager*, 20 Wis., 91; *Cairns v. O'Bleness*, 40 Wis., 469. None of these cases hold that it is the duty of the appellate court to reverse only as to the party appealing, when the judgment is rendered against them in an action where no separate judgment could have been properly rendered in the court below against the defendants not appealing; and the New York cases clearly indicate that in such cases if the judgment be reversed as to one it should be reversed as to all, whether they have appealed or not. It is probable that under our statute this court would have the right in its discretion to do either; but where, as in the appeal of O'Neil, the appeal is from an order of confirmation of sale upon a judgment of foreclosure, and this court reverses the same for errors which affect the regularity of the sale itself, the reversal as to one ought to reverse as to all, as the irregularity affects all equally, and great inconvenience would arise if it were held that the sale should stand as to some of the defendants and not as to others.

We also hold that when separate appeals taken in the same case are pending in this court, we will look into the whole record for the purpose of disposing of such appeals. By an examination of the record upon these appeals, we find upon the appeal taken by the defendant O'Neil, that the sale was irregular and must be set aside. The sale being set aside, it is premature to pass upon the questions presented on the motion of the defendant *Larkin*. Upon another sale the mortgaged premises may sell for enough to satisfy the whole

mortgage debt, and in such case the defendant *Larkin* will have nothing to complain of, and no relief to ask from the court.

We think the court below should not have entertained the application of the appellant for the relief asked, until the sale of the mortgaged premises had been regularly made and confirmed. Until that is done, it cannot be ascertained whether there will be any judgment for a deficiency against the appellant, and he is not in a position to ask the relief prayed for until it so appears.

The record discloses that the appellant's motion was made, heard and decided before any order of confirmation was made in the case, and that the appeals in this case and in the O'Neil case were perfected on the same day. We think the appellant's application for the relief asked should not have been entertained by the court below until the sale was confirmed; and then, if an appeal were taken from the order confirming such sale, the hearing of this appellant's application should have been delayed until the determination of such appeal.

Under these circumstances, the motion of the appellant *Larkin* was properly denied by the court below, on the ground that it was prematurely made; and upon that ground this court affirms the order, but without prejudice to the appellant to renew the same at the proper time, if any deficiency shall remain after sale and confirmation.

*By the Court.* — The order of the circuit court is affirmed.