NEW-YORK,
Oct. 1815.

RICHARD
v.
WALTON,

—————◦⊕◦—————

### RICHARD & FINNEY *against* WALTON.

Where a judgment is entire, it must be affirmed or reversed *in toto*.

So, where two persons were sued by warrant, in a justice's court, and one only appeared, and the justice gave judgment against both defendants, the judgment being erroneous as to the defendant who did not appear, was reversed, on *certiorari*, as to both.

Whether the justice could sever the defendants, and give judgment against the one who appeared? *Quære*.

IN ERROR, on *certiorari* to a justice's court.

The defendants below were sued by warrant in *trespass*, for cutting timber: the constable returned to the warrant, that the same was served agreeable to law; but only brought *Richards* before the justice, no reason appearing why the other defendant was not brought. *Richards* pleaded, and demanded an adjournment, but refusing to give security, it was denied, and the justice gave judgment against both defendants.

*Per Curiam.* The rule of affirming in part, and reversing in part, does not apply to cases of this kind. (8 *Johns. Rep.* 566.) This may be done where the judgments are distinct, as in cases of damages and costs, in which the judgment may be reversed as to one, and affirmed as to the other; but where the judgment is entire, there must be a total affirmance, or reversal. Thus, at common law, in an action of *trespass* against three, if one die, pending the writ, and yet judgment be given against all three, the whole judgment must be reversed, because it is entire, although the writ abated but against one. So, in *trespass* against several, if the judgment be erroneous, because one of the defendants was within age, and appeared by attorney, the judgment shall be reversed *in toto*. (*Bac. Abr. Error.* (M) and cases there cited.) In the case before us, the proceedings against *Finney* were clearly erroneous: where a party is prosecuted by war-

fant, the justice has no authority to proceed, unless the defendant appears in court. There is nothing in the return to warrant an inference that *Richards* was authorized to appear for *Finney*, even if that would be sufficient. The justice might possibly have been authorized, as the action was trespass, to treat the defendants as severing, and have given judgment against *Richards* ; but as the judgment is against both, and entire, it must be reversed.