UTICA,
July, 1830.

Holbrook
v.
Murray.

---

### HOLBROOK and others *vs.* J. B. MURRAY and others.

To an action of *debt* on judgment rendered in a *sister state,* commenced by *attachment* of goods, &c. a plea that the defendant was not served with process and had not notice of the pendency or prosecution of the suit, is equivalent to a *denial of appearance* in person or by attorney, and a bar to the action.

In an action against several on such judgment, who sever in their defence, if the plea of one be adjudged good, and the judgment as to him be pronounced void, it is void as to all the defendants.

ERROR from the New-York common pleas. The declaration was in *debt* on a judgment obtained in the common pleas of Suffolk, in the commonwealth of *Massachusetts.* The de-

fendants jointly put in a plea like the *first* plea in the cause of *Starbuck and others* v. *J. B. Murray, ante,* 148. J. B. Murray put in a plea for himself, and also another that the suit in which the judgment was rendered was commenced by attachment of certain goods and chattels then being in Boston, in the state of Massachusetts; that no process of any kind was served upon him; that he had not at the time of the commencement of the suit, nor at any time since, any property, right or interest in the goods and chattels so attached, and that he had not at the time of the commencement of the suit, or at any time after, and before the rendition of the judg-- ment therein, any notice of the pendency or prosecution thereof. The plaintiffs demurred to the several pleas, and the defendants joined in demurrer. The *common pleas* gave judgment for the defendants upon all the pleas, and the plaintiffs sued out a writ of error.

*F. J. Betts,* for plaintiffs in error.

*S. M. Hopkins,* for defendants in error.

*By the Court,* MARCY, J. The first and second pleas are bad for the reasons assigned in adjudging the first pleas insufficient in the case of *Starbuck and others* v. *Murray, ante,* 148. The third plea, however, appears to me to contain enough to shew that the court in Massachusetts had not jurisdiction of the person of J. B. Murray. The difference between this plea and the second plea in *Starbuck and others* v. *Murray* is, that this plea does not deny that the defendant *did not* either in person or by attorney appear to the suit; but seems to me that the allegations that no process was served on him, and that he had no notice of the pendency or prosecution of the action, are equivalent to a denial of appearance in person or by attorney.

The facts stated in this plea being admitted by the demurrer, the defence of a want of jurisdiction as to the person of this defendant is established. As to him the judgment is not conclusive; it is not even evidence of a demand; it is a nullity. What effect has this on the other defendants whose

plea does not afford any defence? The judgment is entire, and if void as to one defendant, where there are several, it is void as to all. This precise point was decided in *Hall* v. *Williams*, 6 *Pick. R.* 247, and in *Richard* v. *Walton*, 12 *Johns. R.* 434.

Judgment affirmed.