ISAAC STRICKLAND *versus* ADONIRAM J. BARTLETT.

It is not necessary, under c. 61, § 1, of the Revised Statutes, that a husband and wife, in order to convey her real estate paid for by him, should join *in the same deed:* separate deeds from each, though executed at different times, will convey the title.

ON EXCEPTIONS, by defendant, to the rulings of BARROWS, J., and on MOTION to set aside the verdict.

*S. C. Andrews,* for the defendant.

*M. T. Ludden,* for the plaintiff.

The case is fully stated in the opinion of the Court, which was drawn up by

BARROWS, J. — WRIT OF ENTRY. The land demanded formerly belonged to William Bray, who conveyed it, Aug. 26, 1854, by deed duly recorded, to Lydia A. Bartlett, wife of Frederic Bartlett, and mother of the tenant. Some six

years previous to this conveyance, the said Frederic and Lydia A. Bartlett separated, and though not divorced, have never since lived together. He testified that after the separation he never claimed or received any of his ·wife's earnings, nor set up any claim to any property that passed through her hands. It seems to be conceded that the property in controversy, so far as it was paid for at all, was paid for by the wife out of her earnings, subsequent to the separation. .

Frederic Bartlett, the husband, during the pendency of a suit brought by one Essec Fuller against Lydia A. Bartlett, the wife, to recover pay for the buildings by him erected on the premises, under a contract with Lydia, by quitclaim deed, duly acknowledged April 29, and recorded May 1, 1856, conveyed all his interest in the premises to said Essec Fuller. Fuller failed in his suit, Lydia pleading her coverture in bar. *Fuller* v. *Bartlett*, 41 Maine, 241.

On July 2d, 1861, Lydia A. Bartlett, by quitclaim deed, duly acknowledged and recorded, in consideration of a piece of real estate deeded to her by this demandant, and $50 paid by him, and certain promises made to her by Essec Fuller, conveyed the demanded premises to said Essec, who, on the 6th day of the same month, conveyed the same by deed of warranty to the demandant. The demandant claims title under the above named deeds from Bray to Lydia A. Bartlett, from Frederic and Lydia A. Bartlett to Essec Fuller, and from Fuller to himself.

· The tenant claims title under a levy, made May 30, 1861, upon an execution in his favor against Frederic Bartlett, and alleges that fraud was practised by Essec Fuller, with the knowledge of the demandant, in the procurement of the two deeds from Frederic and Lydia A. Bartlett, to said Essec. The jury have negatived the existence of any fraud, and there is nothing in the testimony to lead us to conclude that they erred in so doing. Certain matters appear which tend to discredit the good faith of the title under which the tenant claims. His suit against his father was based upon an. .

account consisting, with the exception of a single item, of charges for labor and expenses in carrying on the place for his mother, while she was living separate from her husband; services rendered and expenses incurred, not at the request of his father, but for the benefit of his mother, with whom he lived; and it further appears that the suit was at one time entered "Neither party," but at a subsequent term brought forward and defaulted by consent.

But his title, whether it accrued *bona fide* or otherwise, is not that of a prior creditor, for all the items of his account bear date subsequent to the purchase by Lydia A. Bartlett, subsequent of course to the time when, as the jury have found upon satisfactory evidence, Frederic Bartlett had made a gift to his wife of the proceeds of her earnings. Not being a prior creditor, he is not in a position to defeat that gift.

The fifth requested instruction raises the only point which it seems necessary particularly to examine.

The presiding Judge was requested to instruct the jury, that the husband and wife could not give a valid title to the premises thus standing in the name of the wife, without joining in the same deed, and this request was refused. If wrongfully refused, the tenant was plainly injured thereby, for whatever might be the infirmity of the tenant's title, the demandant must recover upon the strength of his own or fail in his suit. Husband and wife had both conveyed their interest in the premises to the same person, but by separate deeds. The demandant has the title of the grantee in their deeds. Was it essential to the validity of his title that they should join in one deed?

The tenant relies upon that clause in § 1, c. 61, R. S. of 1857, which, after providing that a married woman may manage, sell, convey, &c., without the joinder or assent of her husband, any real or personal estate which she may own in her own right, whether acquired by descent, gift, or purchase, adds, "but real estate directly or indirectly conveyed to her by her husband, or paid for by him, or given or de-

Strickland *v*. Bartlett.

vised to her by his relatives, cannot be conveyed by her without the joinder of her husband in such conveyance." This provision is substantially a reënactment of c. 250 of laws of 1856.

The fallacy of the defendant's position consists in limiting the meaning of the word conveyance to the *instrument* by means of which the title passes. But it means also the act of transferring estates from one party to another. Looking at the intent of the statute and the connection in which the clause stands, the latter and broader signification seems the true one.

By force of its provisions, a married woman may convey property held in her own right without the joinder or assent of her husband, except such real estate as was directly or indirectly conveyed to her or paid for *by him*, or given or devised to her by *his* relatives, as to which it is requisite that his assent should be shown by his joinder in the conveyance. His assent to the conveyance evinced by his deed is the essential thing required, and that assent may as well appear in a separate instrument. If both convey the same premises by deed to the same party, though they do not join in the *deed*, they may be as truly said to join in the *conveyance* as though their names were subscribed and their seals affixed to the same paper.

*Motion and exceptions overruled.*

APPLETON, C. J., CUTTING, DAVIS, KENT and DICKERSON, JJ., concurred.