DAVID BUFFUM, *in Eq.*, *versus* ARTHUR W. RAMSDELL.

A judgment against two or more defendants jointly is an entirety, and must stand or fall as a whole.

Such a judgment is erroneous and will not sustain a levy made upon the real estate of the other, if one of the defendants was not an inhabitant of this State, and no personal service of the writ was made upon him.

When a bill in equity is brought to redeem a mortgage, and the complainant bases his right to redeem upon a levy made upon the mortgager's equity of redemption, the respondent, not being a party or privy to the judgment, may prove it erroneous and void for want of jurisdiction of the parties.

BILL IN EQUITY, heard upon bill, answer and proof.

The bill substantially alleges that, one Bousley, on Oct. 17, 1861, being seized in fee of certain lands [described,] situated in Andover, county of Oxford, then and there, by his mortgage deed of that date, conveyed the same to the respondent, upon the conditions therein named; that he believes said mortgage was without consideration and made by said Bousley and accepted by the respondent for the fraudulent purpose of defrauding, hindering and delaying

said Bousley's creditors ; that, at the time of executing said mortgage, the complainant was and still is a creditor of Bousley, and that, by reason of said fraudulent mortgage, he had been hindered and delayed in the collection of his debt; and that said proceedings between Bousley and the respondent ought to be declared void as to the complainant.

It further alleges that, on Dec. 24, 1861, he sued out a writ of attachment against said Bousley and one Locke, upon a lawful demand against them, and justly due from them to him, which was duly served and entered at the March term, 1862, at the S. J. Court at Paris, in the county of Oxford, where the same was pending until the August term, 1863, when judgment was duly rendered against the said Bousley and Locke for the sum of $416,43, debt or damage, and $17,21 costs ; that, on Aug. 31, following, execution duly issued and levy was duly made upon the premises and recorded, and seizin and possession thereof delivered to the complainant ; that said premises were never redeemed from said levy ; that, if the Court shall find that the evidence to be adduced is not sufficient to establish the fact that said mortgage is fraudulent as aforesaid, then the complainant claims the right to redeem the mortgage and offers to pay whatever shall be found due thereon.

Locke is declared in the writ as being a resident of Salem, Mass., and no service of the writ was ever made upon him. The record discloses that, at the return term, the Court ordered notice upon Locke by publication of "an attested copy of the writ with the order of Court thereon, three weeks successively in the "Oxford Democrat," a newspaper printed at Paris, in said county of Oxford, the last publication thereof to be thirty days at least before the next term of said Court," and that said order was complied with.

*S. C. Strout and Gage*, for the complainant.

*W. L. Putnam*, for the respondent.

DANFORTH, J.—To enable this complainant to sustain his bill, it is conceded that he must show a good title to the

land claimed. To do this, he offers in evidence a judgment in his favor against Joseph Bousley and Milton P. Locke, recovered at a term of this Court, holden in the county of Oxford, on the second Tuesday of August, 1863, an execution issued thereon, and a levy upon the land as the property of Bousley. The respondent, who also claims under Bousley, by a prior deed, alleged to be fraudulent as against creditors, contests the plaintiff's title on the ground that his judgment is erroneous. It is conceded that Locke was not an inhabitant of the State, that no legal service was made upon him. As to him, the Court had no jurisdiction, and the judgment against him is therefore void. *Penobscot R. R.* v. *Weeks,* 52 Maine, 456.

The judgment being an entirety, if void in part is void in all; if reversed as to one of the parties it must be reversed as to all. 2 Saund., 101; 2 Bac. Abr., 227, 228; *Benner* v. *Weld,* 45 Maine, 483; *Hemenway* v. *Hicks,* 4 Pick., 500.

It is true that, in some cases, where the judgment is several as to the parties, it may be reversed as to one and affirmed as to the others; as in *Whiting* v. *Cochran,* 9 Mass., 532, where judgment was rendered against the principal defendant and a trustee, it was decided that the principal defendant could not avail himself of a want of service on the trustee. So, in *Shirley* v. *Lunenburg,* 11 Mass., 379, where the same principle is recognized. But no such severalty is involved in the judgment under consideration. On the contrary, it is against the parties jointly, and both as to them and the subject matter, is one and entire. It must, therefore, stand or fall as a whole.

The case of *Ellis* v. *Bullard,* 11 Cush., 498, relied upon by the plaintiff, does not weaken this position but tends rather to confirm it. This was a writ of error to reverse a judgment having the same defect as that in the judgment relied upon by the plaintiff in the case at bar. The Court refused to reverse the judgment, not because there was no error, but because one of the plaintiffs, and the one having

cause to complain, had released that error and refused to prosecute the suit. THOMAS, J., remarks,—" Were this not so, yet, as upon the reversal of a judgment on a writ of error, the Court may enter the same judgment which the Court below might have rendered, it may enter judgment against Ellis." Here is a very clear intimation that, but for the release of the error, the judgment must have been reversed,—though, if justice required, another which would have been valid might have been entered. In that case, the parties to the judgment sought to be reversed, were before the Court, and the process pending was such as to authorize the Court to do that between them which the law and justice required. In the judgment relied upon in the case at bar, the error has not been released, the parties to it are not before the Court, and no process is pending which can give the Court any authority to modify or change it in any respect, or substitute a new one in its place. We must take this judgment, or pretended judgment, as it now stands without addition or diminution, and, upon principle as well as authority, it is erroneous.

That the respondent in this process, not being a party or privy to that judgment, may avail himself of any illegality in it is well settled. *Vose* v. *Morton*, 4 Cush., 27, and cases cited. *Caswell* v. *Caswell*, 28 Maine, 237.

*Bill dismissed with costs.*

KENT, WALTON, BARROWS and TAPLEY, JJ., concurred.