MOODY, O'FARRELL & CO. *v.* JAMES M. LYLES.

1. PRACTICE—PARTIES.—In an action against several defendants, any one of whom is not served with process, it is error to proceed to judgment against all.

Error to the circuit court of Clarke county. HANCOCK, J.

The plaintiffs in error assign several errors, only one of which is considered by the court in disposing of the case. It is, 1st. The court erred in proceeding to judgment without service of process on defendant, Payne.

*W. & J. R. Yerger*, for the plaintiff in error.

The judgment must be reversed, because it was rendered without service of process upon, or plea by Payne, or any appearance for him. But had the service been good on Payne, the judgment would be irregular without plea or appearance. A joint judgment, erroneous as to one, is erroneous as to all.

*D. Shelton*, for defendant in error.

This case is brought here for review, solely on the ground that the court erred in overruling the motion for a new trial. In the court below nothing else was excepted to, and it is upon that point alone that this court must sustain or reverse the judgment of the court below. 40 Miss., 329, 330.

The rule of law is, that error in the instructions is not ground for a new trial where it is manifest that the verdict is correct upon the facts appearing on the record. 40 Miss., 209; 35 Miss., 333. The facts in the record show that the defendants were clearly liable. As to the demand and refusal and conversion, see 2 Greenl. Ev., § 644, and notes.

TARBELL, J.:

This is an action of trover, brought by Jas. M. Lyles, against L. B. Moody, J. W. O'Farrell, and A. A. Payne, partners, doing business at Enterprise, Miss., under the firm, name and style of "Moody, O'Farrell & Co.," to recover the value of a quantity of cotton claimed in the declaration as the property of plaintiff, and alleged to have been converted by defendants in 1865. Suit was commenced in 1866.

Process was served upon Moody and O'Farrell, but not upon Payne. Moody and O'Farrell appeared and defended. Payne did not appear. Otherwise than the plea of Moody and O'Farrell, Payne is treated as a party defendant throughout the record. There is neither discontinuance as to him, nor judgment by default against him, but from the beginning to the end of the record, except as above, his name is retained in the proceedings as a party defendant, including the verdict of the jury and judgment of the court; the verdict

and judgment being against " the defendants" who are named in the record of judgment, thus:

At the August term, 1867, the following judgment was rendered in said cause, to-wit: "Jas. M. Lyles against L. B. Moody, J. W. O'Farrell and A. A. Payne, partners under the name of Moody, O'Farrell & Co."

Then follows the formal entry of the record of the verdict and judgment against " the defendants."

Several questions of practice bearing upon the one under consideration have been decided by our predecessors:

1. Where there are several defendants, all of whom have been served with process, and some have pleaded, and others have not, it is irregular not to take judgment by default, or discontinue as to the latter before going to trial on issues joined with the former. 41. Miss., 241.

2. It is held in Baldwin v. McKay, 41 Miss., 358, that the plaintiff in trover has the power to discontinue as to one co-defendant, after verdict.

3. In the case of Davis v. Dierman & Co., 2 How., 786, in which, and in the case under consideration, the arguments of counsel for the respective defendants in error, are based upon similar grounds, it is held to be error to proceed to judgment against a defendant when the writ has not been served on his co-defendant; process must be pursued against the party not found until he is taken, or the cause be dismissed as to him. *Vide*, also, Dennison v. Lewis, 6 How., 517.

But the record before us presents a case where judgment was rendered against all the defendants, though upon one there was neither service nor appearance, and is, therefore, like that of Hughes & Scott v. Evans, 4 S. & M., 737, wherein, quoting from the printed report of the case, it is said, "suit was brought by Evans against Duggan, Derrell, Hughes, and Scott on their promissory note to Evans. The process was not served on Derrell, and there was no discontinuance as to him. Duggan, Hughes, and Scott pleaded the general issue, on which issue was joined, and trial had before

a jury, and judgment rendered against the defendants generally." The court in that case said, " this case comes within the principles laid down in the case of Davis v. Dierman & Co., 2 How., 786. ˙Process not having been served on Derrell,ʹ one of the defendants, the cause could not legally be tried as to the other defendants, without discontinuing as to Derrell." The judgment in that case was reversed and the cause remanded.

That it is error in an action against several, to take a general judgment against all, where one is not served with process and does not appear, we apprehend to be the universal rule. So held in Arkansas, Alabama, Kentucky, Ohio, Illinois, New York, Massachusetts, etc. 3 Monroe, 205 ; 3 J. J. Marshall, 432 ; 2 Bibb, 576 ; 16 Ohio, 371 ; 4 Ark., 427 ; ib., 431 ; 2 Wend., 624 ; 5 ib., 106 ; 19 ib., 108 ; 3 Denio, 257 ; 5 Mass., 193.

The judgment in this case, being against all the defendants, though one was not served with process, and did not appear, is irregular, and, for this cause, must be reversed.

˙We do not think it necessary to discuss the other questions presented.

˙The judgment of the court below is reversed, and the cause remanded.