Jan'y Term,        Vandiver *et al. vs.* Roberts.        1871.

𝕮𝔥𝔞𝔯𝔩𝔢𝔰𝔱𝔬𝔫.

WILLIAM VANDIVER *et al. vs.* DAVID ROBERTS.

January Term, 1871.

1. A service of a notice by an officer, showing that he left a copy with a member of defendant's family over the age of sixteen; or an amended return showing that he left an office copy with a white male member of his family over the age of sixteen, the defendant being absent from his usual place of abode at the time, is defective because, 1st, it does not show that the person to whom the notice was delivered, was found at the defendant's "usual place of abode;" and 2d, because it does not show that the officer gave to the person with whom he left the notice, "information of its purport," according to the 1st section of chapter 121, Code of West Virginia.

2. A joint judgment against two parties, where the service of notice is improperly executed as against one party, is erroneous, and must be reversed as to both.

A motion to quash a notice because the return of the sheriff was not sufficient; from Mineral county. Judgment was rendered on the notice on the 22d day of October, 1869. The opinion of Judge Moore sufficiently states the ground of the motion.

*C. Boggess* for the plaintiffs in error.

*Stanton & Allison* for the defendant in error.

MOORE, J. The return and amended return made by the sheriff, of his service of the notice for judgment on the un-

dertaking, so far as the defendant William Vandiver is concerned, are fatally defective.

The original or first return is as follows: "I have served the within summons on the within named E. L. Blackburn, by delivering copy to him in person, and served on Wm. Vandiver by leaving copy with a member of his family over the age of 16 years, Sept. 30th, 1869." The amended return is in these words: "I have served the within notice on the within named E. L. Blackburn, by delivering an office copy to him in person, Sept. 30th, 1869; and served the within on William Vandiver, by leaving an office copy with a white male member of his family over the age of sixteen, said William Vandiver being absent from his usual place of abode, the time Sept. 30th, 1869."

The amended return shows satisfactorily that the notice was regularly served on E. L. Blackburn, by the officer delivering to him in person, a copy of said notice, as required by the first clause of section first, chapter 121, of the Code. The service of said notice on Wm. Vandiver, was intended to be in accordance with the second clause of said section, which designates the mode of service if the party "be not found at his usual place of abode," viz: "by delivering such copy and giving information of its purport, to his wife, or any other person found there, who is a member of his family, and above the age of sixteen." The return does not, therefore, show legal service of said notice on said Vandiver; 1st, because it does not show that the person to whom the notice was delivered, was found at Vandiver's "usual place of abode;" 2d, because it does not show that the officer gave to the person with whom he left the notice, " information of its purport."

Under the seventh section of chapter 121, of the Code, page 593, Roberts was entitled to judgment against Blackburn, upon whom notice had been properly served, but was not entitled to judgment against Vandiver, upon whom notice had not been served as required by statute. The court therefore erred in giving judgment against said Vandiver, and as said judgment is a joint judgment against said

Blackburn and Vandiver, it must be reversed *in toto*, with costs to the defendant here, and judgment with costs entered here for the plaintiff against the defendant Blackburn, such as ought to have been rendered in the court below.

The other Judges concurred.

· JUDGMENT REVERSED.