WILBUR v. ABBOT, *Adm'r.*

The common-law rule prevails in this state that a joint judgment against two defendants is void where only one had notice of the suit.

A judgment rendered in another state, and valid by the laws of such state, is not valid in this state unless it would have been valid if rendered in this state.

The constitution and laws of the United States give a judgment rendered in another state no more force and effect in this state than it would have if it had been rendered in this state.

The defendant in a suit brought in this state upon a judgment recovered in another state, valid by the laws of such state, but which would have been invalid if recovered in this state, is not estopped to set up the invalidity of such judgment by reason of having used it to defeat the plaintiff's recovering a second judgment in the same state upon the same demand upon which the first was rendered.

A judgment rendered in such other state, that a defendant under the circumstances stated in the last *syllabus* is estopped to deny the validity of the first judgment, does not preclude the defendant from setting up its invalidity in a suit brought in this state upon such judgment.

DEBT, on a judgment recovered in Louisiana against the defendant and his intestate. Plea, *nul tiel record.*

*G. Y. Sawyer & Sawyer, Jr.*, with whom was *T. J. Semmes*, of Louisiana, for the plaintiff.

I. By Art. 182 of the Louisiana Code of Practice, 1853, it is declared that if the defendants are husband and wife, members of the same corporation, partners of the same firm, &c., it is sufficient to deliver one citation. The original judgment rendered in the fifth district court in the suit 16,987 does not appear from the officer's return to be void, as the return shows, *prima facie*, a citation on one of the partners. Here was a judgment rendered by a court of general jurisdiction, Constitution of Louisiana, Art. 78, Code of Practice, Arts. 125, 126, and however erroneous, valid until set aside by proper proceedings for that purpose. The judgment was rendered January 21, 1867, and on the 25th of February, 1867, the Abbots adopted the proper proceedings to have the judgment annulled by instituting the nullity suit, 17,608, against the present plaintiff, on the sole ground that the Abbots had not been cited to appear in the suit 16,987. In answer to this nullity suit, the then defendant, now plaintiff, filed the record of a suit and judgment in the third district court wherein the Abbots were plaintiffs, and Wilbur, as intervenor, defendant, in which he filed the identical claim which he had put in suit in 16,987, to which claim so filed the Abbots objected that this claim had gone into judgment in the fifth district court in 16,987; and because of the claim having gone into judgment, the reconventional claim was dismissed from the suit in the third district court. These proceedings in the third district court appear from the recitals of the record in the nullity suit (an authenticated copy of which is produced), showing that the matter there adjudicated upon adversely to the now defendant, then plaintiff, is the precise matter which he now sets up, and which by that adjudication we claim he is here estopped to set up.

II. The declaration in this case is, as it necessarily must be, on the judgment rendered in the fifth district court in 16,987, and not on any judgment or decree in the nullity suit. The nullity suit, and the adjudication upon it, is one of the steps in the evidence of record to show a valid judgment, which can be shown only by record evidence, but it is no more to be set out in the declaration than the jury trial or any other branch of the record essential to its validity.

III. But we do not in this case set up the proceedings in the third district court as the estoppel relied on; but the adjudication in the fifth district court, in the nullity suit, that the Abbots are estopped by the proceedings in the third, whatever they were, to deny that the judgment in the fifth, here declared on, is void. The nullity suit is a new action under the Code of Practice,—an independent, separate *contestatio litis*,—and not a part of the proceedings in the original suit. Art. 610 of that code declares that " the party praying for the nullity of a judgment before the court which

rendered it must bring his action by means of a petition, and the adverse party must be cited to appear as in ordinary suits."

It is here to be observed that the phrase *lis pendens* has a widely different meaning under the code from that which attaches to it at common law. Here a cause in the courts is no longer understood to be *lis pendens* when judgment is rendered. In the practice under the civil law the cause continues to be *lis pendens* until the judgment in the language of that law is " executed."

The questions here presented by the 'authenticated copies of the record in the two suits,—(1) the suit 16,987, in the fifth district court, and (2) the nullity suit 17,608, in the same court,—are whether a judgment was rendered, such as declared on in this suit, and whether it is *res judicata* between these parties that the defendant is not at liberty to set up want of citation in the suit 16,987 as an objection to the validity of the judgment. The first record shows the judgment valid, however irregular or erroneous in the jurisdiction, until set aside or annulled by legal proceedings for that purpose. The second shows proceedings instituted by the now defendant for that purpose, in which the record as clearly shows that the point and issue to be adjudged by the court was whether the judgment was void as to him, and to be annulled on his petition therefor, and adjudication on that point adverse to him; and this is the precise matter raised now by his plea of *nul tiel record*. To that plea it seems, from the decision of the court when this case was before them, on a former occasion, the plaintiff cannot under the rules of pleading be permitted to reply the estoppel, and in that case the party is allowed to put it in evidence. *Glidden* v. *Unity*, 30 N. H. 104, and cases cited.

That it was adjudged by the fifth district court between these parties that the Abbots were estopped for some cause to claim that the judgment rendered against them was void, the record clearly shows. *Wilbur* v. *Abbot*, 22 La. An. 368.

Under the provisions of the constitution of the United States, that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, the judgment cannot be impeached in our courts, as it could not be in the courts of Louisiana. *Mills* v. *Duryee*, 7 Cranch 481; *Hampton* v. *M'Connel*, 3 Wheat. 234; *Public Works* v. *Columbia College*, 17 Wall. 521.

*S. C. Eastman*, for the defendant.

I. The record produced discloses a judgment *in solido*, or a joint judgment against two defendants, with service on one. It is therefore void as to both. *Rangely* v. *Webster*, 11 N. H. 299; *Smith* v. *Smith*, 17 Ill. 482; *Hall* v. *Williams*, 6 Pick. 232; *Richards* v. *Walton*, 12 Johns. 434.

This defect, appearing on the face of the record, may be taken

advantage of on a plea of *nul tiel*.   *Hill* v. *Mendenhall*, 21 Wall. 455.

II. The second record is to relieve the plaintiff from a confession that on his declaration he has no cause of action.   *Pillsbury* v. *Springfield*, 16 N. H. 565–572.   The defendant has had no notice that any such record would be produced against him.   To admit it would be in violation of Greenleaf's first rule.   1 Greenl. Evid., *s.* 51.

The plaintiff undertakes to enforce an unjust judgment, and to prevent an inquiry into the merits of a cause that has never been heard.   He should not be aided in this by allowing him to invoke the doctrine of estoppel, and to apply it to a case where it has never before been allowed.

III. The second record shows nothing that confers jurisdiction on the court to pronounce the judgment declared.   The proceedings were not in the nature of an appeal.   It was at most a special appearance in court for a limited purpose, to wit, to show the court that it had exceeded its powers, and, like a special appearance to move to dismiss, does not confer any authority to do more.   *Downer* v. *Shaw*, 22 N. H. 277 ;   *Wright* v. *Boynton*, 37 N. H. 9 ;   *Merrill* v. *Houghton*, 51 N. H. 61 ;   *Thompson* v. *Blackhurst*, 1 Nev. & M. 266 ;   *Jones* v. *Andrews*, 10 Wall. 327–332 ;   *Harkness* v. *Hyde*, 98 U. S. 476 ;   *Bryant* v. *Ela*, Smith (N. H.) 396, and notes.

The only effect it could have, in any event, would be to estop the parties to deny the conclusions there arrived at, so far as the matters were at issue before the court, and no further.   *Sanderson* v. *Peabody*, 58 N. H. 116.   Now, the only matter at issue there was the question whether there had been service on J. S. Abbot. There was no pretence of service on E. A. Abbot.   The answer alleged that both parties were estopped to deny that service. Grant, if you please, that the judgment is an estoppel, and that it may be used in this case, and still it only shows, what the defendant need not deny, though it is in fact untrue, that there was a good service on J. S. Abbot.   This still leaves the first position as impregnable as it was before the second record was produced.

IV. The judgment is void, as to E. A. Abbot, on its face.   Even a state statute could not make it good.   *D'Arcy* v. *Ketchum*, 11 How. 165 ; *Bruce* v. *Cloutman*, 45 N. H. 37.   Much less can a mere decision of a court, stepping for that purpose outside of the record case.   *Harris* v. *Hardeman*, 14 How. 334 ;   *Thompson* v. *Whitman*, 18 Wall. 465 ;   *Pennoyer* v. *Neff*, 95 U. S. 714, 728, 733.

V. The record of the case in the third district court, recited in the record produced, is not properly before the court, no duly authenticated copy having been produced.   If it were, it contained nothing inconsistent with the present position of the defendant. It is claimed that the acts therein recited constitute an estoppel. An estoppel arises where by the conduct of one party another is induced to believe that something is true which is not true, and in consequence thereof alters his position for the worse.

The defect now set up here was as apparent then as now. The record was offered for what it was. It was defective, and this defendant never said it was not, by any word or act. He said, simply, such proceedings have been had. All parties were presumed to know the law. Wilbur was also represented by counsel. The essential element of an estoppel is therefore wanting. There was no untrue statement, and none was implied.

VI. If it is true, as the plaintiff says in his brief, that a service on one of two partners in Louisiana authorizes a judgment against both jointly, then the assertion of the judgment as a judgment in Louisiana would be no allegation that it was anything more than it purported to be. A party might well make use of it for any purpose within the state, because it would be of no avail for him to dispute it; but such use would be no assertion that it was anything more than it purported to be. Being valid under Louisiana law, all must acquiesce and submit while in Louisiana.

But judgments so rendered are void when it is attempted to set them up elsewhere than in Louisiana. The submission in the state to the status claimed by the state is no assertion of submission elsewhere. Being compelled to submit, it would be a strange perversion of equity if a party could not hold his opponent to the same submission without enlarging the scope of the judgment. Such a law would give the plaintiff powers which it would deny to a defendant, and would place them on very unequal grounds. So that if the use made of the record in the third district court would be a waiver of the right to deny the validity of the service on J. S. Abbot, it would go no further, and would not enlarge the record.

VII. The supreme court of the United States has practically decided this question. _Public Works_ v. _Columbia College_, 17 Wall. 521.

To make valid a void judgment, this court is now asked to admit another judgment. An express promise to pay a void judgment would not prevent a defence to a suit on it; a partial payment would not deprive the defendant of the right to contest the remainder. Can a mere assertion that certain proceedings have been had in a court take away the right to point out wherein those proceedings are defective and have no legal effect?

_C. R. Morrison_, for the plaintiff, on motion for a rehearing.

I. (_a_) The decision in _Rangely_ v. _Webster_ was contrary to principles which are perfectly well settled in this state and elsewhere. The result was perhaps correct upon the facts of that case, for there was no evidence that either of the defendants had personal notice of the pendency of the suit. See 11 N. H. 300, 304, 306. The decision, however, as reported, was put upon the ground that the judgment, being entire, was void as to both of the defendants if there was want of notice as to either. No reason is given beyond the citation of _Hall_ v. _Williams, Holbrook_ v. _Murray_, 5 Wend. 161,

and *Richards* v. *Walton*. *Hall* v. *Williams* rests upon the authority of *Richards* v. *Walton;* and *Holbrook* v. *Murray* rests upon the authority of *Hall* v. *Williams* and *Richards* v. *Walton*. Neither *Hall* v. *Williams, Rangely* v. *Webster*, nor *Holbrook* v. *Murray* appears to have received careful consideration, and there is really no bottom for either but *Richards* v. *Walton*, which lays down no such doctrine. Not only this, but the decision in *Hall* v. *Williams* was virtually overruled in *Ellis* v. *Bullard*, 11 Cush. 496. The judgment of the Georgia court, which was declared upon in *Hall* v. *Williams*, having been amended upon notice to the attorney of Williams by striking out the name of the defendant upon whom there was no service, an action was brought upon the amended judgment, and sustained. *Hall* v. *Williams*, 1 Fairf. 278. But a void judgment admits of no amendment.

In *Richards* v. *Walton*, the court held that "the proceedings against Finney were erroneous," which, according to the proper use of language, excludes the idea that the judgment was void. There was no motion for a judgment against Richards; and whether such a motion could have been granted or not, the original judgment was equally subsisting until reversed. The question what judgment should be given upon reversal of judgment, is wholly distinct from treating the judgment as void before it is reversed, which was what *Richards* v. *Walton* was cited for in *Hall* v. *Williams* and *Holbrook* v. *Murray*, and for which it affords no warrant.

*Buffum* v. *Ramsdell*, 55 Me. 252, gives no support to the idea that the judgment was void as against the party served, and to whom a writ of error was open if he was aggrieved; and the subsequent case of *Blaisdell* v. *Pray*, 68 Me. 269, 274, shows that the court was not inclined to extend the doctrine of *Buffum* v. *Ramsdell* beyond the precise facts of that case.

*Martin* v. *Williams*, 42 Miss. 210, was a probate decree. *Barton* v. *Petit* was error because of a separate judgment where, as it was claimed, the plaintiff was not entitled to one. *Smith* v. *Smith*, 17 Ill. 482, is a strong authority for the plaintiff. *Moody* v. *Lyles*, 44 Miss. 121, *Vandiver* v. *Roberts*, 4 W. Va. 493, *Winslow* v. *Lambard*, 57 Me. 356, *Hughes* v. *Evans*, 4 Sm. & M. 737, *Heathman* v. *Hulin*, 3 J. J. Marshall 432, *Langley* v. *Grill*, 1 Col. 71, *Swift* v. *Green*, 20 Ill. 173, and *Williams* v. *Chalfant*, 82 Ill. 218, were writs of error, which could only have been brought upon the assumption that it was necessary to reverse the judgments. The opinions do not speak of the judgments as void, but as "erroneous," "clearly erroneous," and in one case as "illegal." And of all the cases cited in the opinion to prove that by the common law a joint judgment against the defendants would be void because but one of the defendants had notice of the suit, only *Hall* v. *Williams, Holbrook* v. *Murray*, and *Rangely* v. *Webster* go to that extent; and they resulted from *Richards* v. *Walton*, which lays down no such doctrine, but the contrary.

On the other hand, there are many decisions to the effect that a joint judgment against two or more, even when void or voidable as against those not duly cited, is at the worst only erroneous as against those served with process: as to them it is *not* void. *Newburg* v. *Munshower*, 29 Ohio St. 617, and cases cited; *Kitchens* v. *Hutchins*, 44 Geo. 620; *Stevenson* v. *Riser*, 23 La. An. 421; *Marrionneaux* v. *Downs*, 19 La. An. 208; *Kearney* v. *Fenner*, 14 La. An. 870; *Oakley* v. *Aspinwall*, 4 Comst. 513, 546; *Mervin* v. *Kumbel*, 23 Wend. 293, 297; *Jamieson* v. *Pomeroy*, 9 Penn. St. 230; *Smith* v. *Smith*, 17 Ill. 482; *Duryee* v. *Hale*, 31 Conn. 217;—and see, also, *Ellis* v. *Bullard* and *State* v. *Richmond*, 26 N. H. 232, and other cases before cited.

(*b*) Were it true that a joint judgment in this state is void if one of the defendants has not been summoned, it by no means follows that such a judgment brought from another state to be enforced here must be void. The effect which it has there is precisely the effect which must be accorded to it in every other state. Freeman, s. 575, and cases cited; *Guthrie* v. *Lowry*, 84 Penn. St. 533; *Kittredge* v. *Emerson*, 15 N. H. 227; *Rocco* v. *Hackett*, 2 Bosw. 579; *Hassell* v. *Hamilton*, 33 Al. 280; Big. Est. 218; *Leith* v. *Leith*, 39 N. H. 20, 41, 42; *Thurber* v. *Blackbourne*, 1 N. H. 242; and other cases cited in the opinion after that case.

Whether the form of the judgment was correct in being a joint instead of a several judgment, is to be determined not by the law of this state, but by that of Louisiana, where the judgment was rendered. Sto. Conf. Laws, 7th ed., ss. 572, 582, a; *Clemmer* v. *Cooper*, 24 Iowa 185; *Catskill Bank* v. *Hooper*, 5 Gray 585.

It is conceded that the form of judgment in this case was warranted and required by the law of Louisiana, upon such a *return* of service as was made by the sheriff. The judgment was not even erroneous, much less void. This wholly distinguishes the present case from *Hall* v. *Williams*, *Rangely* v. *Webster*, and *Holbrook* v. *Murray*. In each of those cases it was assumed that the joint judgment was *not* according to the law of the state where it was rendered.

The law of the state of New York is substantially the same as that of Louisiana; and it has been expressly held in Massachusetts and Connecticut and Illinois, in suits in those states, upon similar judgments in New York, that the partner served with process is bound by the judgment. *Knapp* v. *Abell*, 10 Allen 485, 490; *Duryee* v. *Hale*, 31 Conn. 217; *Smith* v. *Smith*, 17 Ill. 482;— see, also, *Catskill Bank* v. *Hooper*, 5 Gray 574, 525, and *Swift* v. *Stark*, 2 Oreg. 97.

It is true that the court, in *Smith* v. *Smith*, considered it a variance from the legal effect of the judgment, to count upon it as a judgment against both parties; but no doubt was entertained that it was binding upon the partner who was served with process.

II. (*a*) The Louisiana court decided that both the Abbots were

estopped because of the use which both had made of the judgment as a " *lis pendens* " to defeat large claims which Wilbur had offered in evidence against both. The reasons for the decision are fully stated in the case as reported. *Abbot* v. *Wilbur*, 22 La. An. 368 ;— see, also, *Bush* v. *Dewing*, 24 La. An. 272, and *Ins. Co.* v. *DeBlanc*, 31 La. An. 100.

A similar decision was made by the Massachusetts court in *Henderson* v. *Staniford*, 105 Mass. 504, 507. It was a suit upon a note. The defendant claimed that it was merged in a judgment against him in California. He was a non-resident of California, and there was no notice except by publication, nor, as it appears, was there any attachment, but the court held the judgment a bar if he chose to set it up. They said, "If he sets it up in bar of this suit, he affirms the validity of that judgment against himself, and is *eo instanti* estopped to impeach it afterwards." So thought the Louisiana court in Abbot's case.

(*b*) It was a decision of a court having full jurisdiction, and under the constitution and laws of the United States it is final and conclusive.

(*c*) If both the Abbots were estopped to deny service upon both, no question of variance can arise.

(*d*) If they were only estopped to deny that J. S. Abbot was served with process, we still claim, with deference to the opinion of the Illinois court, that it is not a variance which this defendant can take advantage of. J. S. Abbot was sued as a partner of E. A. Abbot, was served with process (or, what is the same thing, is estopped to deny it), and thereby made subject to the jurisdiction of the court to render a judgment against him according to the law of Louisiana. He had notice of the claim, and by his default admitted his liability as charged. So far as he is concerned it was a judgment against him and E. A. Abbot. There is no misdescription, whether E. A. Abbot is, or is not, personally bound. For *some* purposes most assuredly it was a judgment against both, and is correctly described as such, in a suit not affecting E. A. Abbot personally.

*S. C. Eastman*, for the defendant.

" If from the record it appears that the defendant had no notice, the judgment entered against him is absolutely void." *Farmers' L. & T. Co.* v. *McKinney*, 6 McLean 1; Freem. Judg., s. 574; *D'Arcy* v. *Ketchum*, 11 How. 165; *Webster* v. *Reid*, 11 How. 437; *Hall* v. *Lanning*, 91 U. S. 167; *Phelps* v. *Brewer*, 9 Cush. 390.

Concede that the Louisiana court obtained jurisdiction over J. S. Abbot, still it was a jurisdiction to render a valid judgment as to him. He may question its validity when the judgment rendered is urged against him in another state. Big. Est. 197, 222.

The question as to J. S. Abbot is not, Could the court have ren-

dered *some* judgment which would have been valid? but, Did they render a valid judgment against J. S. Abbot?

The judgment that was rendered was a joint judgment against him and another over whom the court had no jurisdiction. A judgment is an entirety. It must stand or fall as a whole. Hence, as it was void against the other, it is void as to J. S. Abbot. Freem. Judg., *s.* 136; *Mackay* v. *Gordon*, 34 N. J. 286; *Knapp* v. *Abell*, 10 Allen 490; *Frothingham* v. *Barnes*, 9 R. I. 474; *Arnold* v. *Sandford*, 14 Johns. 417; *Buffum* v. *Ramsdell*, 55 Me. 252; *Rider* v. *Alleyne*, 2 Scam. 474; *Moss* v. *Gibson*, 4 Ark. 427; *Frazier* v. *Williams*, 24 Ohio 625; *Parker* v. *Parker*, 39 Ala. 347; *Hulme* v. *Janes*, 6 Tex. 242.

A judgment void for want of service or appearance may be treated as valid in the state where rendered, because there is no way to test it there, and because the state has jurisdiction over any property within the limits of the state. Such judgments are sometimes spoken of as valid where rendered, though void elsewhere. *Pennoyer* v. *Neff*, 95 U. S. 714, 732; *Lincoln* v. *Tower*, 2 McLean 478.

Judgment without notice, as provided for in Louisiana, and valid there, is not protected by the constitutional clause, and is invalid elsewhere. *Steel* v. *Smith*, 7 Wils. & Sh. 447, approved in *Rogers* v. *Burns*, 27 Penn. St. 525.

In Louisiana, as shown by the plaintiff, the defendants could not have prevailed, nor procured a modification of the judgment, if they had appealed. The law authorizes a full and complete joint judgment where one party is served. Such a judgment is good in Louisiana, and must be met there. It is not good elsewhere, under the laws of the United States.

The judgment in Louisiana was entire and unqualified against both defendants. In *Knapp* v. *Abell*, 10 Allen 485, the plaintiff contended that the judgment was a qualified judgment; and the court say that if this was made to appear, the action might have been maintained. But "when the judgment of the other state is entire and unqualified," the judgment would be "wholly void,"— citing *Rangely* v. *Webster*.

*Rangely* v. *Webster* may be unsound, as the plaintiff suggests, but it has been cited with approval, or without dissent, in our courts down to the 58th volume, and by all the text writers, and by judges in other states and in the United States courts.

The decision in *Henderson* v. *Staniford*, 105 Mass. 504, is based on the principles applicable to domestic judgments. The defendant there was a citizen of California; and the agreed case finds that the judgment was valid in California. The citizenship is the basis of the jurisdiction. *Rangely* v. *Webster* is cited. This distinction is pointed out, and the principles of the case affirmed in the following words: "This result, reached in these cases, would necessarily follow from holding a judgment to be absolutely void."

It is respectfully submitted, moreover, that the true rule is to be found in *Pennoyer* v. *Neff*, 95 U. S. 728. Judge *Field* says,—"The judgment, if void where rendered, will always remain void : it cannot occupy the doubtful position of being valid if property be found, and void if there be none." Speaking of the contrary position, he adds,—"This doctrine would introduce a new element of uncertainty in judicial proceedings. The contrary is the law : the validity of every judgment depends upon the jurisdiction of the court before it is rendered, not upon what may occur subsequently."

SMITH, J. This is a suit on a judgment recovered in the fifth district court for the parish of New Orleans in the state of Louisiana, January 21, 1867, for $23,383.64, and interest from November 1, 1862, and costs of suit.

The record shows service of notice of the original suit on one of the defendants, members of a commercial partnership in Louisiana, and no service on the other defendant.

The plaintiff filed his petition in the fifth district court, December 28, 1866, against Joseph S. and Edward A. Abbot, describing the defendants as residing in Concord in the state of New Hampshire, and as commercial partners there, doing business under the style and firm of J. S. & E. A. Abbot, but then within the jurisdiction of that court, and alleging that the defendants were indebted to the plaintiff in the sum of $23,383.64 and interest from November 1, 1862. The petitioner prayed for process of citation and judgment. On the same day the following citation issued out of that court :

" Citation.

Dec. 28th, 1866.

I. L. Wilbur
    *v.*     } No. 16,987.
J. S. & E. A. Abbot. )

State of Louisiana.

Fifth District Court of New Orleans, City of New Orleans.

Messrs. J. S. & E. A. Abbot :

You are hereby summoned to comply with the demand contained in the petition of which a copy accompanies this citation, or deliver your answer to the same in the office of the clerk of the fifth district court of New Orleans in ten days after the service hereof.

Witness the Hon. Charles Leaumont, judge of the said court, the 28th day of December, in the year of our Lord 1866.

A. D. Bermondy, Dy Clerk."

The officer made return as follows :

" Sheriff's return to citation.

Dec. 28, 1866.

Received December 28th, 1866, and on the same day I served a

copy of the within citation and accompanying petition on J. S. Abbot, one of the defendants herein, personally.

Returned same day.

B. Albert, D'y Sheriff."

The record of the court produced shows the following:

" January 11th, 1867.

I. L. Wilbur, Syndic, &c., \
*vs.* } No. 16,987. \
J. S. & E. A. Abbot.

On motion of counsel for plaintiff in this case, and on showing to the court that the defendants therein have failed to answer, though duly cited,—It is ordered, that judgment by default be entered against said defendants."

The record further shows the following

" Judgment,

Filed Jan'y 19th, 1867.

I. L. Wilbur, Syndic, &c., \
*vs.* } No. 16,987. \
J. S. & E. A. Abbot.

On motion of E. C. Mix of counsel for plaintiff, and on introducing due proof of the claim of said plaintiff,—It is · ordered and adjudged, that the default herein entered on the eleventh January, 1867, be now confirmed and made final, and that plaintiff I. L. Wilbur, in his capacity of syndic of his creditors and of the creditors of Wilbur and Borge, recover of the defendants, Joseph S. and Edward A. Abbot, who reside in Concord in the state of New Hampshire, and are commercial partners there, doing business under the style and firm of J. S. & E. A. Abbot, *in solido*, the sum of twenty-three thousand three hundred and eighty-three $\frac{64}{100}$ dollars, with legal interest from the first of November, 1862, until paid, and costs of suit.

Judgment rendered 19th January, 1867.

Signed 24th January, 1867,            Chas. Leaumont, Judge.

A true copy.

Clerk's office, March 1st, 1867.

F. A. Luminais, D'y Clerk."

By the common law the joint judgment against the defendants would be void because only one of the defendants had notice of the suit. *Hall* v. *Williams*, 6 Pick. 232; *Holbrook* v. *Murray*, 5 Wend. 161; *Richards* v. *Walton*, 12 Johns. 434; *Smith* v. *Smith*, 17 Ill. 482; *Mundy* v. *Calvert*, 40 Miss. 182, 190; *Martin* v. *Williams*, 42 Miss. 210; *Moody, O'Farrell & Co.* v. *Lyles*, 44 Miss. 121; *Vandiver* v. *Roberts*, 4 W. Va. 493; *Winslow* v. *Lambard*, 57

Me. 356; *Buffum* v. *Ramsdell*, 55 Me. 252; *Hughes* v. *Evans*, 4 Sm. & M. 737; *Heathman* v. *Hulin*, 3 J. J. Marshall 432; *Benner* v. *Welt*, 45 Me. 483; *Hall* v. *Lanning*, 91 U. S. 160; *Langley* v. *Grill*, 1 Col. 71; *Swift* v. *Green*, 20 Ill. 173; *Williams* v. *Chalfant*, 82 Ill. 218; *Knapp* v. *Abell*, 10 Allen 485, 490; *Gamble* v. *Warner*, 16 Ohio 371; *Moss* v. *Gibson*, 4 Ark. 427; *Palmer* v. *Edwards*, 4 Ark. 431; *Wright* v. *Andrews*, 130 Mass. 149.

This rule as a part of the general body of the common law prevails in this state, and the judgment would have been void if it had been rendered here. *Rangely* v. *Webster*, 11 N. H. 299, 307; *Wilbur* v. *Abbot*, 58 N. H. 272; *Whitmore* v. *Delano*, 6 N. H. 543, 547; *Beckley* v. *Newcomb*, 24 N. H. 359; *Wright* v. *Boynton*, 37 N. H. 9, 10, 11, 19.

The plaintiff claims that the judgment was valid because by the law of Louisiana notice of the suit given to one member of the defendant firm was sufficient: and he cites and relies upon Art. 182 of the Louisiana Code of Practice of 1853, which is,—"Art. 182. Nevertheless, if the defendants are husband and wife, or minors, interdicted or absent persons having the same curator, or persons represented by the same attorney in fact, or partners of the same firm, or members of the same corporation, it will be sufficient to deliver one citation and one single copy of the petition to the person representing such defendants."

This statute sustains the plaintiff's contention on this point, and shows that the judgment (on which this suit is brought) is valid in Louisiana. But it is nevertheless invalid in New Hampshire because it is invalid by New Hampshire law, would be invalid if it had been rendered in New Hampshire, and because the constitution and laws of the United States give it no more force or effect than it would have if it had been rendered here. *Thurber* v. *Blackbourne*, 1 N. H. 242; *Whittier* v. *Wendell*, 7 N. H. 257; *Starbuck* v. *Murray*, 5 Wend. 148; *Holbrook* v. *Murray*, 5 Wend. 161; *Shumway* v. *Stillman*, 4 Cow. 292; *Shumway* v. *Stillman*, 6 Wend. 447; *Hall* v. *Williams*, 6 Pick. 232, 246; *Bissell* v. *Briggs*, 9 Mass. 462; *Flower* v. *Parker*, 3 Mas. 247, 251; *Bryant* v. *Ela*, Smith (N. H.) 396; *Phelps* v. *Holker*, 1 Dall. 281; *Kilburn* v. *Woodworth*, 5 Johns. 37; *Kibbe* v. *Kibbe*, Kirby (Conn.) 119; *Fenton* v. *Garlick*, 8 Johns. 194; *Fisher* v. *Lane*, 3 Wils. 297, 302, 303; *Buchanan* v. *Rucker*, 9 East 192, 1 Camp. 65; *Buttrick* v. *Allen*, 8 Mass. 273; *Robinson* v. *Ward*, 8 Johns. 86; *Mills* v. *Duryee*, 7 Cranch 481, 486; *Borden* v. *Fitch*, 15 Johns. 121; *Benton* v. *Bergot*, 10 Serg. & R. 242; *Aldrich* v. *Kinney*, 4 Conn. 380; *Curtis* v. *Gibbs*, 1 Pen. (N. J.) 377; *Rogers* v. *Coleman*, Hardin (Ky.) 413; *Gleason* v. *Dodd*, 4 Met. 333; *Long* v. *Long*, 1 Hill 597; *Downer* v. *Shaw*, 22 N. H. 277; *Wright* v. *Boynton*, 37 N. H. 9; *Pawling* v. *Bird*, 13 Johns. 192; *Hoxie* v. *Wright*, 2 Vt. 263, 268; *Earthman* v. *Jones*, 2 Yerg. 484; *Miller* v. *Miller*, 1 Bailey (S. C.) 242; *Holt* v. *Alloway*, 2 Blackf. 108;

*McElmoyle* v. *Cohen*, 13 Pet. 323; *Leith* v. *Leith*, 39 N. H. 20, 42; *Russell* v. *Perry*, 14 N. H. 152; *Morse* v. *Presby*, 25 N. H. 299, 303; *Don* v. *Lippman*, 5 C. & F. 1; *Bank of Australasia* v. *Nias*, 16 Q. B. 717; *Smith* v. *Nicolls*, 7 Scott 147, 5 Bing. (N. C.) 208; *Schibsby* v. *Westenholz*, 6 L. R. Q. B. 155; *Price* v. *Hickok*, 39 Vt. 292; *Harrod* v. *Barretto*, 2 Hall (N. Y.) 302; *Wilson* v. *Niles*, 2 Hall (N. Y.) 358; *Steel* v. *Smith*, 7 Watts & S. 447; *Starkweather* v. *Loomis*, 2 Vt. 573; *Roberts* v. *Peavey*, 27 N. H. 477, 492; *Carleton* v. *Ins. Co.*, 35 N. H. 162, 166; *Judkins* v. *Ins. Co.*, 37 N. H. 470, 480; *Harding* v. *Alden*, 9 Me. 140; *D'Arcy* v. *Ketchum*, 11 How. 165; *Thompson* v. *Whitman*, 18 Wall. 457, 469.

After this judgment, valid in Louisiana by the laws of that state, was rendered, the plaintiff in another suit in Louisiana, brought by the defendants in the third district court of New Orleans, endeavored upon a reconventional demand to recover a second judgment against these defendants on the same cause of action on which the first had been rendered, or, what is in effect the same thing, endeavored to defeat a claim of the defendants, and obtain judgment for the balance. La. Code of Practice, 1853, Art. 371.

The first judgment being valid in Louisiana by the law of that state, these defendants had the right to set it up in Louisiana to defend themselves against the wrong of a second judgment for the same cause which the plaintiff attempted to maintain. These defendants exercised that right and prevented the plaintiff's obtaining such second wrongful judgment by proving the existence of the first judgment. That first judgment was a valid, existing judgment in Louisiana; and these defendants alleged and proved nothing but the truth for rightfully defeating the fraudulent attempt of the plaintiff to obtain two judgments for a single cause of action. In thus necessarily, truthfully, and properly defending themselves against the wrongful rendition of a second judgment, these defendants neither did nor said anything that can estop them to prove or assert the truth in this suit. In such a case as this, the rightful assertion and proof of the truth is not an estoppel. The truth which they asserted, and which they were, by the plaintiff's attempted fraud compelled to assert in self-defence in the Louisiana court, was the existence of a Louisiana judgment, not as a judgment valid by the laws of some other American state or some foreign country, but as a judgment valid by the law of Louisiana. They did not, either expressly or by implication, assert that it was valid in any jurisdiction except that of Louisiana. Its validity or invalidity in any other jurisdiction was in the Louisiana suit a matter wholly irrelevant and immaterial. If they asserted a judgment rendered on sufficient notice, the notice asserted was a notice sufficient by the law of Louisiana to make the judgment valid in Louisiana; not a notice sufficient by the laws of every one of thirty-seven other states for the validity of the judgment in each of those states. By the truthful assertion and proof of the existence of a

judgment, valid in Louisiana, they are not estopped to truthfully assert in other states that the validity of the Louisiana judgment in Louisiana is due to the peculiar law of Louisiana which has no extra-territorial force. Louisiana has no more right to enact (which it has not attempted) that the first judgment is valid in New Hampshire, than New Hampshire has to enact that it is invalid in Louisiana.

But the plaintiff claims that it has been decided in Louisiana that the defendants are estopped to deny the validity of the first judgment. In a nullity suit brought by these defendants in the fifth district court of New Orleans, to have this judgment declared null and void for want of service on either of the defendants, it was decided that they, having defeated the attempt of this plaintiff to obtain a second judgment for the cause on which the first was rendered, by setting up the first judgment as valid, were estopped to deny the validity which they had once successfully asserted. *Abbot* v. *Wilbur*, 22 La. An. 368. They had successfully asserted the truth that there existed in Louisiana a judgment, valid by the law of that state, and therefore sufficient to prevent the rendition in Louisiana of a second judgment on the same cause, and they were held to be estopped to deny that the first judgment was valid by the law of Louisiana.

In all the Louisiana suits the question of the validity of the first judgment necessarily depended upon Louisiana law, and not upon the law of any other jurisdiction. No question of the validity of that judgment in any other state was or could be raised, and no such question was considered, or was or could be decided.

If the Louisiana court had decided that these defendants, by necessarily asserting the truth in that state, were estopped to assert the truth in this case in New Hampshire, a precedent would have been made for our deciding questions arising in the Louisiana court,—a precedent for throwing into inextricable confusion the law of the inter-state effect of judgments. It could not have occurred to that court that these defendants were bound either to submit to the rendition on a single cause of two Louisiana judgments, valid in Louisiana, or be estopped from asserting in all other jurisdictions of the country the truth in regard to the first judgment. That is an unjust and illegal dilemma in which the legislature and courts of Louisiana could not put, and have not attempted to put, the defendants.

The estoppel now set up by the plaintiff is one branch of that impossible alternative. The *res adjudicata* is the Louisiana decision that these defendants asserted that the first judgment was valid in Louisiana by the law of that state, and were by Louisiana law estopped to assert the contrary. The defendants do not now assert the contrary. They assert that, if in Louisiana, by the law of that state, the first judgment is valid with notice given to one of the defendants, it is not valid here; and that if they are estopped

to assert that it is invalid in Louisiana upon the law of Louisiana, they are not estopped to assert that it is invalid in New Hampshire by the law of New Hampshire. The Louisiana court did not and could not decide that they are estopped to assert its invalidity upon the law of New Hampshire.

The record showing in the joint judgment the fatal defect of notice to one only of the defendants, there must be

*Judgment for the defendants.*

FOSTER and CLARK, JJ., did not sit: the others concurred.