PETER CONTAKIS *vs.* CARMINE FLAVIO, administrator.

Suffolk.    March 9, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Partnership. Joint Tortfeasors. Judgment,* Vacation. *Bond,* Supersedeas. *Practice, Civil,* Vacation of judgment, Supersedeas bond.

One who has suffered injury or damage by reason of a tort of a partnership may elect to bring an action of tort against all the partners jointly or to bring a separate action against each partner.

A judgment in an action of tort against all the members of a partnership is an entirety and is indivisible.

If, upon the petition of one of the defendants in an action of tort against all the members of a partnership jointly, a judgment obtained in that action is vacated, it is vacated against all the defendants and all remedies for its collection against the several defendants are discharged.

A motion by a judgment creditor who obtained a judgment against a number of persons in an action of tort against the alleged members of a partnership jointly, that a supersedeas bond given by one of the judgment debtors by order of the Superior Court upon the granting of a petition by him for the vacation of the judgment be "so modified as not to deprive him [the creditor] of his right to collect" an execution, which had issued upon the judgment, "from the other defendants named in said action," must be denied.

PETITION, filed and amended in the Superior Court on September 1, 1914, for the vacation of a judgment obtained by the administrator of the estate of one Emelio Flavio against George K. Anastos, George Masganas, Nicholas Kalliavas and the petitioner, alleged to be copartners doing business under the name, Vassara Fruit Company, in an action of tort for personal injuries caused to Flavio by his being run into by a wagon of the Vassara Fruit Company.

*J. W. Keith,* for the respondent.

No counsel appeared for the petitioner.

PIERCE, J.   Carmine Flavio, the administrator of the estate of Emelio Flavio in the principal action, elected to sue all the members of a partnership doing business under the firm name of Vassara Fruit Company, jointly in an action of tort. Four persons, among whom was the petitioner, Peter Contakis, were named in

the writ, and the return thereon showed due service upon them all. Final judgment was entered against all the defendants on April 21, 1914, and on the day following (April 22, 1914) execution duly issued. On August 22, 1914, Contakis, who had been arrested on an alias execution, applied to the Municipal Court of the City of Boston for the oath for relief of poor debtors, and recognized for his appearance in the Poor Debtor Session of that court. On September 1, 1914, before any default, Contakis filed a petition in the Superior Court asking that the judgment of April 24, 1914, be vacated and that a supersedeas of the execution be issued thereon. As reasons therefor he alleged that no service ever was made upon him; that the attorney who accepted service for him had no authority so to do; that he (the petitioner) was not a member of the defendant firm at the time a servant of the firm caused the injury complained of, nor was he such at the time of the suing out of the writ; that he knew nothing of the action until some time after judgment was obtained thereon, and that at the time the action was brought and for a long time thereafter he was not in the Commonwealth but was in the Kingdom of Greece.

On October 23, 1914, after due notice, an order was entered in the Superior Court that a supersedeas of said execution should issue on the filing of a bond of $5,000. On January 19, 1915, a bond was filed in that court and approved after hearing; and thereupon a supersedeas issued. On February 4, 1915, Flavio filed a motion in the Superior Court asking, among other things not material to this issue, that the order of supersedeas might be "so modified as not to deprive him of his right to collect said execution from the other defendants named in said action." The presiding judge * ruled that the motion in that respect should be denied, and "believing that this question should be determined before a final hearing upon the petition to vacate the judgment," he reported the question to this court. "If the ruling is right" the order "is to be confirmed. If erroneous, then there is to be a hearing upon the question of the modification of said supersedeas as asked for by the said Flavio."

---

* *Wait,* J.

The plaintiff Flavio, before purchasing his writ, had an election to sue each partner severally, or to sue more than one jointly. 1 Wms. Saunders, 472, 473, 475. He elected to join all in the writ, prosecuted his action against all, and obtained a joint final judgment. By leave of court it was within his power and right, at any time before final judgment, to discontinue as to as many as he chose and to proceed to prosecute his action against those remaining. R. L. c. 173, § 48. *Mulchey* v. *Methodist Religious Society,* 125 Mass. 487, 490.

Having prosecuted his action to final judgment against all, that judgment became an entirety, and as such is indivisible. In an action of tort against several alleged joint wrongdoers, it is not legally possible to obtain a joint judgment against some of the defendants and a several judgment against others. R. L. c. 177, § 6, is not applicable to joint tortfeasors when sued jointly. *Cameron* v. *Kanrich,* 201 Mass. 451. *Munroe* v. *Carlisle,* 176 Mass. 199, 201. Because of the technical rule that a joint judgment is entire and indivisible, it follows that if such a judgment be void as to one defendant it is void as to all. *Hall* v. *Williams,* 6 Pick. 232, 247. *Richard* v. *Walton,* 12 Johns. 434. *Holbrook* v. *Murray,* 5 Wend. 161. The procedure followed in *Thomson* v. *Sleeper,* 168 Mass. 373, is not applicable because the judgment therein was not attacked, was founded on contract, and was valid against the co-defendant. In the case at bar a vacation of the judgment would result in the discharge of all remedies for the collection, including therein a recognizance taken as a substitute for the arrest and imprisonment of Contakis. *Whitton* v. *Bicknell,* 3 Allen, 472.

In the case at bar the judge may have found on any one of several grounds set down in the petition that Contakis was not duly served with process, and that for that reason the judgment as against him was void or voidable. If so, for the reasons above stated the entire judgment was void or became void when the judgment against him was vacated. *Hall* v. *Williams, supra.* *Richard* v. *Walton, supra.* *Holbrook* v. *Murray, supra.* To decide otherwise is to hold that the plaintiff is entitled to a present joint judgment as against three of the defendants and to a possible several judgment, after a new trial, against the remaining defendant.

The ruling of the presiding judge was clearly right, and according to the terms of the report the entry must be

*Order of the Superior Court affirmed.*